UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ROBINSON et al., *On behalf of himself and all other employees similarly situated* | **ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPOINTING SPECIAL MASTER** |
| v. | Civil Action |
| THE EASTMAN KODAK COMPANY | No. 02-CV-6204T(F) |

The parties having reached a final Settlement Agreement in the above-referenced action and upon reading said Agreement, the Court preliminarily approves the Settlement, delineates the duties of the Special Master, and hereby finds and orders for purposes of settlement only:

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

1.      The Court preliminarily finds that the Class Action Settlement ("Settlement") as set forth in the parties' Settlement Agreement (a copy of which is attached hereto as Exhibit A) is within the range of reasonableness and is fair, reasonable, and adequate as to the Class members and preliminarily approves such Settlement;

2.      Upon final approval the original class certification dated January 31, 2004 will be amended as follows: (1) Subclass A(1) shall include all persons who worked for Eastman Kodak Company in New York State and were classified by Kodak as nonexempt employees during the period April 11, 1996 through the Effective Date of the settlement, who worked overtime but were not promptly paid in cash or cash equivalent for overtime worked; (2) Putative Subclass A(2) shall be a putative class of all technologists who worked for Eastman Kodak Company and were classified by Kodak as exempt employees in New York State after April 11, 1996; (3) Subclass B shall include all persons who worked for Eastman Kodak Company in New York State and were classified by Kodak as non-exempt employees during the period April 11, 1996 through the Effective Date of the settlement who received a lump sum performance bonus and

who worked overtime in the preceding year.  Kodak continues to dispute that technologists are an appropriate class, and to assert that the claims of technologists are not properly included in the Action.   The parties retain any and all rights with respect to the putative class of technologists including, but not limited to, the right to assert any and all arguments related to the certification of a technologist class, the definition of such class, the appropriateness of such claims being brought within the Action, and whether such claims relate back to the filing of the Action.   The Action will be dismissed except as to putative Subclass A(2) as part of this settlement, and, upon motion by one of the parties, the Court may later determine whether the claims of this Subclass can be included as part of the Action, and, if so, whether it constitutes an appropriate class.

3.      That for the reasons set forth in this Court's Order dated January 31, 2004, both Subclass A(1) and Subclass B satisfy the requirements of Rule 23(b)(3) and 29 U.S.C. § 216(b).

4.      That William Robinson, Emmett Peters, and Mary Joy Josefovicz, as class representatives, have fairly and adequately protected the interests of the Class members as evidenced by the parties' Settlement Agreement;

## SETTLEMENT SCHEDULE

5.      That the Settlement Administrator shall mail Notices and Claim Forms to all Class members no later than August 15, 2006.  Any Class member who intends to object to the Settlement must do so by filing any such objection in writing with the Clerk of the Court and by simultaneously serving a copy on Plaintiffs' and Defense Counsel no later than September 27, 2006.  Objections that do not meet these requirements shall not be considered by the Special Master or the Court.  Class members who choose to participate in the monetary recovery of the

settlement shall submit a fully executed claim form (as described in the Settlement Agreement) no later than September 27, 2006.  The Court shall hold a final hearing to determine the fairness and reasonableness of this Settlement on October 25, 2006.

6.      That a Notice of Settlement which was submitted by the parties for Court approval is the only notice required and shall constitute the best notice practicable under the circumstances, and such Notice constitutes valid, due and sufficient notice to the Class, complying fully with the requirements of due process and applicable state and federal law, including Rule 23, N.Y. C.P.L.R. § 904, the United States Constitution, and any other applicable law.

7.      That the Notice shall be sent by the Settlement Administrator to all Class members using the last known mailing addresses for class members.

## SPECIAL MASTER

8.      That pursuant to Rule 53, the Court appoints Scott D. Piper, Esq. to preside over certain settlement proceedings in the Action to the maximum extent permitted, and with the maximum discretion allowed by, the relevant statutes, rules, and order in this action, including, but not limited to:

a.   Supervising settlement administration, including, but not limited to, reviewing Claim Forms and resolving any disputes that arise between the parties during the administration process, as necessary;

b.   Hearing and deciding any disputed claims against the Settlement Fund Amounts, and determining the amount of uncompensated hours for each year of service covered by the Class Action Settlement Agreement;

    c.    Hearing and deciding Defendant's application for partial reversion of settlement funds prior to a final accounting, provided all appropriate settlement payments are adequately funded; and

    d.    Such other matters as may be referred to him by the Court.

When hearing and deciding disputed claims made against Settlement Fund A.2, the Special Master shall make the most accurate determination of the number of uncompensated hours the Class Member worked based on the information available. In such cases, the burden of persuasion shall be on the Class Member to prove his or her average number of uncompensated hours to the Special Master; however, there shall be no requirement that the Class Member produce records or documents to satisfy this burden.

When making determinations concerning disputed claims made against Settlement Fund A.2, the Special Master shall use whatever procedures he deems appropriate, taking into consideration the amount of money in controversy and the relative costs for the parties and the Special Master fees. The Special Master may communicate with a non-lawyer representative of the Defendant to receive such information as Defendant wishes to present on the disputed claim. The Special Master is also permitted to review documents relating to claims and to interview individuals with knowledge about the claims, and may or may not require such information be taken under oath. Both Kodak and the Class Member are entitled to review documents provided to the Special Master and either listen to the testimony provided, or obtain summaries of such testimony to the degree the Special Master intends to rely on such information in his determination.

Upon hearing the evidence in disputed claims filed against Settlement fund A.2, the Special Master may award the amount of uncompensated time claimed by the Class Member, a lesser amount, or none at all, in accordance with his determination.  The Special Master shall hold any hearings on disputed claims no later than 210 days after the Final Approval Date (as defined in the Class Action Settlement Agreement), and he shall issue his decision on such disputed claims no later than 240 days after the Final Approval Date.  Such decision shall be final.

9.     In carrying out his duties, the Special Master is to consider the pleadings in this matter, the final Settlement Agreement, and any other submissions, whether in writing or verbally, that are provided to him by the parties' counsel or the class representatives/members. The Special Master has authority to regulate all proceedings and take all appropriate measures to perform fairly and efficiently the assigned duties pursuant to Rule 53(c).  Attorneys for the parties will not communicate *ex parte* with the Special Master unless approved by opposing counsel.  The Special Master may communicate *ex parte* with class members and non-attorney representatives designated by Kodak, and with this Court.

The Special Master shall make findings of fact and conclusions of law with respect to the matters presented by the parties and the Class Members, and shall report expeditiously to the Court pursuant to Rule 53(f).  Unless directed by the Court or believed advisable by the Special Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits.  The Special Master need not retain any other documents once his findings are filed with the Court.  Pursuant to Rules 53(a)(1)(A) and 53(g)(3)(B), and upon the consent of the Parties, the findings of fact of the Special Master are final and are not subject to review.

Pursuant to Rule 53(g)(5), the Court may set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

10.    The Special Master shall be compensated based on a fixed hourly rate of $250 plus payment of disbursements.  The Special Master shall submit monthly statements to the Court and to counsel for the parties for his services.  The Special Master's monthly statements shall be paid within 30 days of presentation, unless a party objects to such statement(s) within the time allowed by Rule 53(g)(2).  If timely objection is made, then payment shall be made to the Special Master if and when ordered by the Court.  Before the Settlement Payments are made, the Special Master shall be paid directly by defendant Kodak, with such payments to the Special Master to be credited against Kodak's Settlement Payment obligations under the Settlement Agreement.  If and when the Settlement Payments are made, the Special Master shall be paid from Settlement Fund A.2. as provided in the Settlement Agreement.  In the event that the Final Approval Date does not occur, then Kodak shall remain liable for the payments previously made to or ordered to be made to the Special Master, without recourse against any other party.

## GENERAL TERMS

11.    That amendments may be made to Settlement Agreement, Notice Form, Claim Form, or this Order, upon written agreement of the Plaintiffs' and Defense Counsel and approval by the Court.

12.    That pending final determination of whether the terms contained in the Agreement should be finally approved, neither the Plaintiffs, nor any class members, nor any of their agents, attorneys or representatives, either directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the released claims against Kodak.

13.     That if the settlement does not receive final approval, this Order will become null

and void, and the parties will retain all rights in any subsequent proceeding.

**IT IS SO ORDERED.**


**Dated:** July 26, 2006                                    s/ Michael A. Telesca
                                         _____

                                         **Honorable Michael A. Telesca**
                                         **United States District Judge**