# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ROBINSON et al.,<br>*On behalf of himself and all other employees<br>similarly situated*<br><br>v.<br><br>THE EASTMAN KODAK COMPANY | **CLASS ACTION SETTLEMENT<br>AGREEMENT AND RELEASE**<br><br>Civil Action<br><br>No. 02-CV-6204T(F) |

This Settlement Agreement and Release (the "Agreement") is entered into by and between Eastman Kodak Company ("Kodak") and William Robinson ("Robinson"), Emmett Peters ("Peters"), Mary Joy Josefovicz ("Josefovicz") (hereinafter collectively "Plaintiffs") and the class they purport to represent ("Class members" or "Plaintiff class").

### Recitals

A.      A dispute arose between Plaintiffs and Kodak due to alleged unpaid overtime compensation. On April 11, 2002, a class action lawsuit entitled *William Robinson v. The Eastman Kodak Company,* Case No. 02-CV-6204T(F) was filed in the United States District Court for the Western District of New York ("the Action"). In this lawsuit, Robinson, a former nonexempt employee at Kodak, alleged on behalf of himself and all others similarly situated that Kodak failed to pay him and others cash or cash equivalent for all hours worked; that such practices violated both the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law; and that plaintiffs therefore were entitled to recover unpaid wages and other damages. In addition, Peters alleged that Kodak failed to make proper calculations and payment of overtime for nonexempt employees who received lump-sum performance bonuses in years in which they worked overtime; that such practices violated both the FLSA and the New York Labor Law; and

that plaintiffs therefore were entitled to recover unpaid wages and other damages. Kodak denied,
and continues to deny, each and every material allegation made by Plaintiffs. A class was
certified under Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b), consisting of
two Subclasses: Subclass A included all persons who worked for Eastman Kodak Company as
non-exempt employees in New York State after April 11, 1996 to entry of judgment in this case
who worked overtime but were not promptly paid in cash or cash equivalent for overtime
worked; Subclass B included all persons who worked for Eastman Kodak Company as non-
exempt employees in New York State after April 11, 1996 to entry of judgment in this case who
received a lump sum performance bonus and who had worked overtime during the preceding
year.

B.      Plaintiffs, on behalf of themselves and the class they represent, and Kodak desire
to fully and finally settle and completely resolve all rights, claims, causes of action, and
proceedings and avoid claims or litigation which Plaintiffs and the Class members have alleged
in this action, against Kodak and any of its parent, subsidiary, and affiliated companies,
predecessors, successors, and each of their respective shareholders, officers, directors, agents,
employees, heirs, spouses, insurers, administrators, executors, partners, successors, assigns,
affiliated entities, including parents, subsidiaries, benefit plans and their plan administrators, and
all of their past, present and future representatives, arising out of the claims alleged in this action,
and to enter into a permanent and binding resolution of the rights, obligations and remedies
concerning all liability and obligations arising out of the claims alleged in this action.

C.      The Plaintiffs have fully analyzed and evaluated the merits of their respective
claims, contentions, Kodak's defenses, and this settlement as it impacts them and the members of
the Plaintiff class. Plaintiffs and their counsel, after taking into account the foregoing, along

with the substantial risks of litigation, are satisfied that the terms of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of this action is in the best interests of the Plaintiff class.

      D.      Kodak, while continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims made against it, considers it desirable to resolve this action on the terms stated herein, in order to avoid further expense, inconvenience, and interference with its ongoing business operations, and to dispose of burdensome litigation, and thus has determined that settlement of this action on the terms set forth herein is in its best interest.

      E.      This Agreement reflects a compromise between the Parties and shall in no event be construed as, or be deemed, an admission or concession by any party of the truth or the validity of any substantive or procedural allegation, claim, defense asserted in this action, or any other action or proceeding, or of any fault, negligence, or breach of any alleged duty on the part of any party, and all such allegations are expressly denied.

      F.      This Agreement is subject to and its effectiveness conditioned upon final approval by the Court and the other conditions precedent specified in paragraph 5, below.

      **NOW, THEREFORE**, with no admission of any substantive or procedural fact, claim or liability by Kodak, as a negotiated compromise, and in consideration of and in reliance upon the definitions, recitals, promises, covenants, understandings and obligations set forth in this Agreement, Plaintiffs and Kodak hereby agree as follows:

### Definitions

    The following terms shall have the following meanings:

    "Employees" means persons who have been or are now employed by Kodak.

    "Plaintiffs" means William Robinson, Emmett Peters, and Mary Joe Josefovicz.

- 4 -

"Class members" or "Plaintiff class" means the Plaintiffs and the class they represent.

"The Settlement Administrator" is that person or entity appointed by the Court to serve as the administrator for the settlement of the Actions, who shall serve as the joint agent of Plaintiffs and Kodak.

"Plaintiffs' counsel," for purposes of notice or service in this action, means Mark Hannabury and Charles Rogers of the Law Offices of Charles W. Rogers, Esq., 45 Exchange St., Suite 825, Rochester, NY 14614.

"Kodak's counsel" or "Kodak through its counsel," for purposes of notice or service in this action, means Todd Shinaman of Nixon Peabody LLP, 1100 Clinton Square, Rochester, NY 14603.

"Parties" refers jointly to Plaintiffs and Kodak.

The term "Final Approval Date" shall mean the occurrence of all of the conditions set forth in Paragraph 5.

### Overtime Compensation Claims Settlement

1.    *Class Certification.*  The Plaintiff class was certified in a Court Order dated January 31, 2004 and in compliance with Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b) into two subclasses. Subclass A was defined as: All persons who worked for Eastman Kodak Company as non-exempt employees in New York State after April 11, 1996 to entry of judgment in this case and who worked overtime but were not promptly paid in cash or cash equivalent for overtime worked. Subclass B was defined as: All persons who worked for Eastman Kodak Company as non-exempt employees in New York State after April 11, 1996 to entry of judgment in this case who received a lump sum performance bonus and who had worked overtime during the preceding year. During the pendency of the Action plaintiffs' counsel raised allegations about the classification of Kodak technologists as exempt employees. The parties remain in dispute about whether such claims could be properly brought as part of the Action. The parties entered into a tolling agreement, also entered by the Court, with regard to such claims, but no complaint or amended complaint has been filed alleging them. For the purpose of

expediting the resolution of the existing Action, the parties agree that as part of this settlement, Subclass A will be redefined as follows: (1) Subclass A(1) shall include all persons who worked for Eastman Kodak Company in New York State and were classified by Kodak as nonexempt employees during the period April 11, 1996 through the Effective Date of the settlement, who worked overtime but were not promptly paid in cash or cash equivalent for overtime worked; (2) Putative Subclass A(2) shall be a putative class of all technologists employed by Eastman Kodak Company in New York State after April 11, 1996; (3) Subclass B shall include all persons who worked for Eastman Kodak Company in New York State and were classified by Kodak as non-exempt employees during the period April 11, 1996 through the Effective Date of the settlement who received a lump sum performance bonus and who worked overtime in the preceding year. Kodak continues to dispute that technologists are an appropriate class, and to assert that the claims of technologists are not properly included in the Action. The parties reserve any and all rights with respect to the putative class of technologists including, but not limited to, the right to assert any and all arguments related to the certification of a technologist class, the definition of such class, the appropriateness of such claims being brought within the Action, and whether such claims relate back to the filing of the Action. The Action will be dismissed except as to putative Subclass A(2) as part of this settlement, and, upon motion by one of the parties, the Court may later determine whether the claims of this Subclass can be included as part of the Action, and, if so, whether it constitutes an appropriate class.

       2.     *Declaratory Relief.* Subject to the approval of the Court, the Parties shall stipulate that Kodak will maintain a process by which employees may check time records reflecting the number of hours worked each work week that will be utilized in determining their pay. Kodak will also continue its policy, implemented in July, 2002, of prohibiting the use of compensatory time, unless there is a change in the law expressly permitting its use.

       3.     *Total Settlement Amount and Attorneys' Fees.* The Parties agree to a full settlement of Plaintiffs' claims for an amount of $13,925,000. Of this amount, $4,000,000 will be designated as attorneys' fees, costs, and expenses and paid directly to Plaintiffs' counsel. The

remainder, $9,925,000, will be available for payments to Plaintiff class and for costs of administering the settlement, as set forth in this Agreement.

4.    *Settlement Payments.*  In full settlement of the Plaintiff class's claims, and not later than 60 days after the Final Approval Date, Kodak shall pay to the Settlement Administrator, for distribution when and as specified below, the amount of $9,925,000.00.  The Settlement Administrator shall hold this amount in escrow and shall deposit this amount into two separate interest-bearing accounts.  The first account shall be referred to as Settlement Fund A and shall total $9,500,000.  Settlement Fund A shall be designated to fully settle claims of those Class members who are part of Subclass A(1), and it shall be broken down further into Fund A.1 and Fund A.2, as set forth in paragraph 11.  The second account shall be referred to as Settlement Fund B and shall total $425,000.  Settlement Fund B shall be designated to fully settle claims of those Class members who are part of Subclass B, as set forth in paragraph 11.  Collectively, Settlement Fund A and Settlement Fund B shall be referred to as the "Settlement Payments." The Settlement Payments shall remain the property of Kodak unless and until disbursed pursuant to this Agreement.  Any interest accrued in these accounts shall become part of the Settlement Payments.  The Parties regard Settlement Funds A and B as separate common funds, from which shall be made payments to the Plaintiff class, as set forth in Paragraph 11, and all payments for settlement administration (including the mailing of class notice and claim forms, the Settlement Administrator, and the Special Master), as set forth in Paragraph 13.  Kodak shall not be liable for and shall make no additional payment for any reason including, but not limited to, pre or post judgment interest, liquidated damages or penalties, attorneys' fees, costs, expenses or class representative compensation, costs of settlement administration, the Settlement Administrator or the Special Master, satisfaction of any liens, and any taxes associated with the Settlement Payment, including, but not limited to, taxes (including Kodak's or the employer's share of any taxes) imposed under the Federal Insurance Contributions Act (FICA), the Federal Unemployment Tax Act (FUTA), and any income tax withholding imposed under federal, state or local law, all of which shall be paid solely from the Settlement Payments.  The Settlement

Administrator shall make normal tax deductions and withholdings (including the employer's share of any taxes) from those portions of the Settlement Payments paid to the Plaintiff class. Fifty percent of any payment to any member of the Plaintiff class shall be deemed to be payments to compromise damages attributable to liquidated damages and interest and shall not be treated as wages for purposes of taxes or withholding. The remainder of any payment shall be treated as wages for the purposes of taxes and withholding. Kodak shall not be responsible for the payment or satisfaction of any tax liabilities or liens associated with such payments. Any portion of Settlement Fund A.1, A.2 or B either not claimed by the Plaintiff class or not paid by the Settlement Administrator shall remain the property of Kodak and shall revert to Kodak upon a determination by the Special Master or the Court that all appropriate payments have been made. Kodak may apply to the Special Master or the Court for partial reversion of funds prior to a final accounting provided that all appropriate payments are adequately funded.

5.    *Conditions Precedent.* The settlement of this action and the Settlement Payments are conditioned upon:

A.    The entry of an Order by the District Court that gives final court approval of this Agreement, including, without limitation, the dismissal with prejudice of any claims for overtime compensation by the Plaintiff class; and

B.    The legal finality of the final approval Order of this Agreement by virtue of no appeal within the statutory time period to file an appeal or upon entry of the order and/or an affirmance on appeal.

6.    *Effective Date.* The first day of Kodak's regularly scheduled pay period following satisfaction of the Final Approval Date shall be referred to as the "Effective Date." Upon the Effective Date, the Plaintiffs' Complaint in this action shall be dismissed with prejudice and the release set forth in paragraph 7, below, shall be effective.

7.    *Release.* In consideration of the Settlement Payments made by Kodak and the Agreement made herein, and upon the Effective Date, the Subclass A(1) and Subclass B Plaintiff

class and all their respective agents, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and all of their past, present and future representatives and predecessors hereby release and forever discharge Kodak, and each of its parent, subsidiary and affiliated companies, predecessors, successors and each of their owners, shareholders, officers, directors, agents, servants, employees, attorneys, independent contractors, insurers, affiliated entities, including benefit plans and their plan administrators, and all other persons acting on their behalf, including any persons acting on behalf of any pension or benefit plan maintained by Kodak, from any and all claims, causes of action, demands, rights, damages, requests for equitable relief, expenses, interest, penalties, and attorneys' fees, from the beginning of time through and including the Effective Date of this Agreement, arising out of Kodak's alleged non-payment of wages and/or overtime compensation for work performed for Kodak by any of the Plaintiff class while classified by Kodak as regular nonexempt employees, including, but not limited to, claims under the Fair Labor Standards Act and the New York Labor Law. No claims arising after the Effective Date are being released by this Agreement. This release will apply to all Class members regardless of whether they receive monetary compensation under this settlement.

       8.     *Class Notice.* No later than sixty (60) days after the Court enters an Order preliminarily approving the terms of this settlement, notice of this Agreement and of the final approval hearing shall be mailed to the last known address of each Class member as provided by Kodak to the Settlement Administrator. Kodak is responsible for providing such addresses with sufficient time for the Settlement Administrator to timely make such mailings. Class Notice shall be given by:

           A.     A single Class Notice for each Subclass in the form attached hereto as Exhibits A and B mailed to each Class member at his/her Last Known Address by United States Postal Service ("USPS") first class mail with notice of the terms of this Agreement and its legal effect, the date and time and place of the final approval hearing, the Class member's right to

object and appear at the hearing individually or through counsel, and the procedure for filing any objections to this Agreement.

B.   As to any Class Notice that is Returned Undeliverable Mail ("RUM"), within 3 days of receipt by such RUM notice, the Settlement Administrator shall update that Class member's address by using the USPS National Change of Address List and/or routine and customary skip trace procedures and shall re-mail the Class Notice by USPS first class mail once to such person.  No further checking or re-mailing shall be required.

9.   *Claim Form.*  No later than sixty (60) days after the Court enters an Order preliminarily approving the terms of this settlement, the Settlement Administrator shall mail claim forms to the last known address of each Class member as provided by Kodak to the Settlement Administrator, and as updated by the process outlined in 8.B of this Agreement.  As a condition precedent to any distribution to a Class member from the Settlement Payments, each Plaintiff who wishes to receive a settlement payment shall return to the Settlement Administrator, within sixty (60) days of the claim form date, a fully executed claim form which shall state:

A.   For Class members claiming against Settlement Fund A.1, the dates that the Class member was employed and a statement that the Class member was not properly compensated by virtue of working unpaid overtime.  Class members who submit claim forms against Settlement Fund 1 who did not opt in to the lawsuit may be eligible to recover up to $150 per year of employment for comp time claims, and $250 per year for unpaid overtime claims for all years employed from 1996-2006.  Class members who submit claim forms against Settlement Fund 1 who opted in to the lawsuit in 2004 may be eligible to recover up to $150 per year of employment for comp time claims, and $250 per year for unpaid overtime claims for all years employed from 1996-2001 and 2005-2006, and $250 per year of employment for comp time claims, and $350 per year for unpaid overtime claims for 2002-2004[1].  Class members who submit claim forms against Settlement Fund 1 who opted in to the lawsuit in 2002 may be eligible to recover up to $150 per year of employment for comp time claims, and $250 per year for unpaid overtime claims for all years employed from 1996-2001 and 2005-2006, and $250 per year of

---

[1]   Individuals who opted in to the Federal claim are eligible for greater recovery amounts because of the additional liquidated damages available under the FLSA.

- 10 -

employment for comp time claims, and $350 per year for unpaid overtime claims for 2000-2004. Kodak reserves the right to challenge claims submitted against Settlement Fund A.1 only with respect to the years the Class member was employed at Kodak as a non-exempt employee and with respect to a Class member's opt-in status. In order to file a claim against Settlement Fund A.1, a Class member must have a minimum of 5 hours of claimed uncompensated worked time. Class members who submit a claim form against Settlement Fund A.1 may not submit a claim form against Settlement Fund A.2. If Class members do not submit a claim form against Settlement Fund A.1, they may submit a claim form against Settlement Fund A.2.

B. For Class members claiming against Settlement Fund A.2, the dates that the Class member was employed, the department(s) where the Class member worked, the supervisor(s) the Class member worked for, and a detailed explanation of the circumstances of his/her unpaid overtime year-by-year. An individual making a claim against Fund A.2 forfeits all rights to receive any amount from Fund A.1. Class members who submit claim forms against Settlement Fund A.2 who did not opt in to the lawsuit may be eligible to recover up to $5.00 per hour of unpaid comp time and $20.00 per hour of other unpaid overtime claims, with a $750.00 maximum claim per year and $5000.00 total maximum for all years employed. Class members who submit claim forms against Settlement Fund A.2 who opted into the lawsuit may be eligible to recover for opt-in years (2000-2004 for those who opted into the lawsuit in 2002, and 2002-2004 for those who opted into the lawsuit in 2004) up to $7.50 per hour of unpaid comp time and $25.00 per hour of other unpaid overtime claims, with a $1000.00 maximum claim per year and a $6000.00 total maximum for all years employed. For all other eligible years, opt-ins will be subject to the per hour and per year maximums set forth above for non-opt-ins. Kodak reserves the right to dispute these claims. Kodak may also submit to the Class member a counteroffer to the Class member for an amount less than the amount claimed by the Class member, along with an explanation of why the Class member's claim is being disputed. If Kodak disputes the claim under Settlement Fund A.2, and the claim is unresolved, the Special Master shall make the most accurate determination of the number of uncompensated hours the Class member worked based on the information available. The burden of persuasion shall be on the Class member to prove his or her average number of uncompensated hours to the Special Master, however, there is no requirement that a Class member produce records or documents to satisfy this burden. In making this determination, the Special Master shall use whatever procedures he deems appropriate, taking into consideration the amount of money in controversy and the relative costs for the Parties and the Special Master's fees. Counsel shall not represent either party in such determinations. The Special Master may communicate with a non-lawyer representative to receive such information as Kodak wishes to present on the claim. The Special Master is permitted to review documents regarding the claims and to interview individuals with knowledge

about the claims, and may or may not require such information be taken under oath. Both Kodak and the Class member are entitled to review documents provided to the Special Master and either listen to the testimony provided, or obtain summaries of such testimony to the degree the Special Master intends to rely on such information in his determination. Upon hearing the evidence, the Special Master may award the amount of uncompensated time claimed by the Class member, subject to the above limitations, or a lesser amount, or none at all, in accordance with his determination. Kodak shall designate any claims it intends to dispute no later than ninety (90) days after the Final Approval Date by serving notice of such dispute upon the Plaintiffs' Counsel, Special Master, and the Class member who is being challenged. The Special Master shall hold any hearings on disputed claims no later than 210 days after the Final Approval Date, and he shall issue his decision on such disputed claims no later than 240 days after the Final Approval Date. Such decision shall be final.

C. For Class members claiming against Settlement Fund B, the dates that the Class member was employed and the years in which they received a lump sum bonus and also worked at least 5 hours of overtime in the prior year. Class members who claim against Settlement Fund B do not forfeit their right to claim against Settlement Fund A.1 or Settlement Fund A.2. Class members who submit claim forms against Settlement Fund B who did not opt in to the lawsuit may be eligible to recover up to $20 per year. Class members who submit claim forms against Settlement Fund B who opted in to the lawsuit in 2002 may be eligible to recover up to $30 per year for years 2000-2004 and up to $20 per year for years 1996-1999 and 2005-2006. Class members who submit claim forms against Settlement Fund B who opted in to the lawsuit in 2004 may be eligible to recover up to $30 per year for years 2002-2004 and up to $20 per year for years 1996-2001 and 2005-2006. Kodak reserves the right to challenge claims submitted against Settlement Fund B only with respect to the years the Class member was employed at Kodak as a non-exempt employee, the years in which they claim to have received a lump sum bonus and worked overtime, and a Class member's opt-in status.

10.     *Settlement Administrator.* The Parties shall select a Settlement Administrator to perform functions such as mailing class notice, collecting claim forms, and mailing out settlement payments to Class members.

11.     *Allocation of Settlement Payments.* Subject to the determination of the Special Master and approval of the Court, the $9,500,000 amount in Settlement Fund A and the $425,000 amount in Settlement Fund B shall be distributed pursuant to the terms as set forth in this Agreement and in the following manner:

- 12 -

A.    First, the fees and expenses to pay the Settlement Administrator, as such fees and expenses become due. Such amounts shall be allocated between Settlement Fund A and Settlement Fund B in pro rata shares.

B.    Second, the amount in Settlement Fund A shall be divided into two separate funds, Fund A.1 and Fund A.2, based on the monetary value of the claims filed against it. For example, if the claims submitted against Settlement Fund A are worth $5,000,000 and $2,000,000 of that total reflects claims filed against Fund A.1 and $3,000,000 of that total reflects claims filed against Fund A.2, the $9,500,000 total would be allocated to the two funds as follows: 2/5 (40%) to Fund A.1 and 3/5 (60%) to Fund A.2.

C.    Third, the fees and expenses of the Special Master, as such fees and expenses become due. Such amounts shall be wholly paid out of Settlement Fund A.2.

D.    Fourth, from the amount remaining in Settlement Fund A.1, payments to Class members based on claims submitted as set forth in Paragraph 9.A no later than 90 days after the Final Approval Date.

E.    Fifth, the Settlement Administrator shall collect and the Special Master shall review the Claim Forms submitted by Class members and conduct the claims hearings, if any, in accordance with paragraph 9.B, above, and shall determine the amount of uncompensated hours, for each year of service covered by this Agreement. The compensation due shall then be distributed by the Special Master and/or the Settlement Administrator from the amount remaining in Settlement Fund A.2, exclusive of interest, penalties or liquidated damages, and no later than 150 days after the Final Approval Date if there are no disputes; or if there are disputes, 60 days after their resolution.

F.    Sixth, from the amount remaining in Settlement Fund B, payments to Class members based on claims submitted as set forth in Paragraph 9.C no later than 90 days after the Final Approval Date.

G.    In the case of William Robinson, Emmett Peters, and Mary Joy Josefovicz, because of their time, effort, expense, and for their services to the class, the Parties agree that an additional amount will be allocated from the Settlement Funds as a Named Plaintiff Premium. For Robinson, this amount will be $12,000 paid from Settlement Fund A. For Peters, this amount will be $6,000 paid from Settlement Fund B. For Josefovicz, this amount will be $6,000 paid in proportionate shares from Settlement Funds A and B. These amounts shall be in addition to any payments made to Robinson, Peters, and Josefovicz pursuant to their claims against the Settlement Funds under Paragraph 9 and shall be deducted from the respective Settlement Funds prior to the calculation and distribution of the

Class members' claims as set forth herein.  Plaintiffs shall receive the Named Plaintiff Premium no later than 75 days after the Final Approval Date.

12.    *Plaintiffs' Attorneys' Fees, Costs and Expenses.*  No later than sixty (60) days after the Final Approval Date, or on such other dates as mutually agreed upon, in writing, by the parties, Kodak shall pay Plaintiffs' reasonable attorneys' fees, costs and expenses in the amount of $4,000,000, subject to approval of the Court.  This amount is based upon the value of the settlement payment as well as the value of declaratory relief.

13.    *Costs of Settlement Administration.*  The Special Master and Settlement Administrator shall maintain records for the costs associated with administering this settlement. The actual and reasonable costs of settlement administration payable to the Settlement Administrator and the Special Master shall be payable by Kodak from the Settlement Funds, and not in addition thereto, in amounts to be determined by the Court, for good cause shown according to applicable law.

14.    *Preliminary Approval By Court.*  The Parties hereby petition the United States District Court for the Western District of New York for preliminary approval of the settlement set forth herein.  The parties will submit a proposed Order.

15.    *Settlement Administration.*  The Settlement Administrator will administer distribution of the settlement funds pursuant to this Agreement.  The amount to be paid to each Class member, if any, will be determined according to Paragraphs 11.D, 11.E, or 11.F above. Payments referenced in Paragraphs 11.D and 11.F above shall be mailed to the Class members no later than 90 days after the Final Approval Date.  Payments referenced in Paragraph 11.E above shall be mailed to the Class members no later than 150 days after the Final Approval Date if there are no disputes, or if there are disputes, 60 days after their resolution by the Special Master.  Any portion of the Settlement Payments, and interest thereon, that is not distributed pursuant to this Agreement, by the conclusion of the settlement administration process shall remain the property of Kodak and shall revert to Kodak at the conclusion of the settlement

- 14 -

administration process. This includes any funds remaining in Settlement Fund A.1, Settlement Fund A.2, or Settlement Fund B.

16.    *Dismissal With Prejudice.* Immediately upon final approval of this Agreement by the Court, the Action shall be dismissed with prejudice in its entirety as to the Subclasses A(1) and B. The Court will have continuing jurisdiction to enforce the terms of this settlement.

17.    *Special Master.* The Special Master appointed by the Court shall preside over all other aspects concerning the implementation and approval of the Settlement to the maximum extent permitted, and with the maximum discretion allowed by, the relevant statute, rules, and order in these actions, including, but not limited to, supervising settlement administration, awarding class representative compensation, and hearing and deciding any disputed claims against the Settlement Fund Amounts.

18.    *Final Fairness Hearing.* Within 75 days of the Notice and Claim Form date, the Court will hold a Final Fairness and Approval Hearing. At the Final Fairness Hearing, the Court will review with the Parties and any Class member who chooses to appear, any objections to the Settlement. The Parties have the right to present arguments and evidence regarding such objections. To be heard at the hearing, a Class member must serve any objections in writing on the Court, plaintiffs' counsel and defense counsel so that they are received by each no later than sixty (60) days after the Notice and Claim Form date. Any objections received outside this time period will not be considered by the Court.

## General Terms Regarding Construction of Agreement

20.    *No Representations.* This Agreement controls over prior communications regarding the matters contained herein between the signatories hereto or their representatives. Except as expressly stated in this Agreement, no party hereto has made any statement or representation to any other party regarding any fact relied upon by any other party in entering into this Agreement, and each party specifically does not rely upon any statement, representation or promise of any other party in executing this Agreement.

2920931.6

- 15 -

21.    *Consent.*  This Agreement has been carefully read by all Parties and the contents hereof are known and understood by all Parties.  The Parties have each received independent legal advice from attorneys of their choice with respect to the preparation, review and advisability of executing this Agreement.  Prior to the execution of this Agreement by each party, each party's attorney has reviewed the Agreement and each party acknowledges that such party has executed the Agreement after independent investigation and without fraud, duress or undue influence.

22.    *Successors.*  Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective parties to this Agreement.

23.    *No Assignments.*  Each party represents that he or she has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, his or her rights in the Action or any interest therein, or any other interest in any claims or claims arising out of any of the matters which are the subject of the Recitals herein.

24.    *Negotiated Agreement.*  This Agreement and each of its terms constitutes a negotiated contract and not merely a recital and are the result of negotiation among the Parties.  In interpreting this Agreement, there shall not be a presumption of interpretation against any party, and each party expressly waives the doctrine of *contra preferendum.*

25.    *No Admissions.*  This Agreement is the result of a compromise among the Parties and nothing in this Agreement shall constitute an admission of liability by any party with regard to the subject matter of the lawsuits and of this Agreement; or with respect to the composition or certification of a class or collective action under the Federal Rules of Civil Procedure, the Fair Labor Standards Act, the New York Labor Law or any other applicable law.

26.    *Warranty of Authority.*  Each of the signatories hereto warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the party for whom he or she purports to sign it.

- 16 -

27.  *Evidentiary Privilege.*  This Agreement shall be deemed to fall within the protection afforded compromises and offers to compromise by Rule 408, Federal Rules of Evidence, and Section 4547, New York Civil Practice Law and Rules.

28.  *Confidentiality.*  The Parties agree that pending Court approval and up until this document becomes public through the Court approved settlement process described herein, it shall remain confidential and not disclosed to the public by counsel or by any party to this Agreement.  The Parties further agree that any information, negotiations, data, drafts and/or summaries exchanged between the Parties relating to the negotiation of this Agreement shall remain confidential and shall not be disclosed to the public for any purpose.

29.  *Applicable Law.*  This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York.

30.  *Further Actions.*  The Parties agree to do such further acts and things and to execute and deliver such additional agreements and instruments as the other may reasonably require to consummate, evidence or confirm the agreements contained herein in the manner contemplated hereby.  Kodak and Plaintiffs mutually agree to cooperate to ensure the expeditious approval and administration of this settlement.

31.  *Duty of Good Faith Performance.*  The Parties further agree not to take any action which would interfere with the performance of this Agreement by any of the Parties hereto or which would adversely affect any of the rights provided for herein.

32.  *No Third Party Beneficiaries.*  The Parties do not intend to confer any benefit hereunder on any person, firm or corporation other than the Parties hereto.

33.  *Written Modifications.*  As approved by the Court, this Agreement may not be modified in whole or in part except by an agreement in writing signed by all Parties, and executed in the same manner as this Agreement.

34.  *Execution.*  This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

- 17 -

35.    *Entire Agreement.* This Agreement and the exhibits hereto embody the entire
agreement and understanding of the Parties hereto in respect of the subject matter contained
herein, and is a fully integrated contract.

**IN WITNESS WHEREOF**, the Parties hereby execute this Agreement as of the date set
forth above.

The Eastman Kodak Company

By: Joyce P. Haag, Esq.
    General Counsel and Sr. Vice President

Dated: May 26, 2006
June

Dated: 6/22/06

By:

Mark Hannabury
Charles Rogers
Law Offices of Charles W. Rogers, Esq.
45 Exchange St., Suite 825
Rochester, NY 14614
Telephone: (585) 454-2338

Attorneys for Plaintiffs
William Robinson *et al.*

2920931.6

- 18 -

Dated: ~~May~~ June 22, 2006

**NIXON PEABODY** LLP

By: _____
    Todd R. Shinaman, Esq.
    1100 Clinton Square
    Rochester, NY  14603
    Telephone: (585) 263-1000

    Attorneys for Defendant
    Eastman Kodak Company

2920931.6

- 19 -

For and on Behalf of the Plaintiff Class:

Dated: ~~May~~ June 13, 2006                    By: _William Robinson_
                                                    William Robinson


Dated: ~~May~~ June 15, 2006                    By: _Emmett Peters_
                                                    Emmett Peters


Dated: ~~May~~ June 16, 2006                    By: _Mary Joy Josefovicz_
                                                    Mary Joy Josefovicz

# Exhibit B

## SUMMARY OF THE KEY POINTS OF ATTACHED NOTICE FOR SUBCLASS A

**THIS IS A SUMMARY OF THE KEY POINTS OF THE ENCLOSED NOTICE. ULTIMATELY ALL TERMS AND CONDITIONS OF THE SETTLEMENT ARE GOVERNED BY THE ENCLOSED NOTICE AND THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES. YOU ARE ENCOURAGED TO READ THIS SUMMARY AND THE COMPLETE NOTICE TO ANSWER QUESTIONS YOU MAY HAVE ABOUT THE PROPOSED SETTLEMENT OF A CLASS ACTION PENDING IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK BEFORE THE HONORABLE MICHAEL A. TELESCA, UNITED STATES DISTRICT JUDGE, ENTITLED: ROBINSON, ET AL. v. EASTMAN KODAK COMPANY 02-CV-6204T**

**THIS IS A FEDERAL COURT AUTHORIZED NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

☐ A settlement has been proposed in a class action lawsuit filed by some former Kodak employees against Eastman Kodak Company (Kodak) claiming that Kodak improperly gave hourly employees "comp time" instead of paying them money for overtime hours worked, and also failed to pay some hourly employees for all the overtime hours they worked. There are other claims in this lawsuit concerning the way in which Kodak calculated overtime pay for hourly employees who received performance bonuses. In addition to this notice, you may also receive a separate notice (entitled "Notice for Subclass B") concerning the settlement of claims relating to overtime calculations for hourly employees who received performance bonuses.

☐ Under the terms of this proposed settlement, Kodak will provide payments to qualified class members who worked for Kodak and were classified by Kodak as nonexempt (hourly) employees in New York State at any time since April 11, 1996. You may be entitled to share in the proposed settlement if you qualify as a class member as explained in the attached notice.

☐ If you qualify as a class member, you must complete and send in a Claim Form in order to receive payment. You may also elect to do nothing and receive no payment. A Claim Form is attached to the end of the enclosed notice. Even if you complete and send in a Claim Form, you may still object to the terms of this settlement if you wish.

☐ This proposed settlement resolves this lawsuit and will affect your legal rights. It provides payments to those who are qualified under the terms of the settlement, and releases Kodak from further liability to all members of the class.

☐ If you are still a Kodak employee, submitting a Claim Form <u>will not</u> affect or jeopardize your job in any way whatsoever.

☐ The lawyers for the employees (and former employees) will ask the Court to approve the settlement, which includes payment of their fees and expenses for investigating the facts and the law, for litigating this case since 2002, and for negotiating this settlement. They will have continuing responsibility to implement the settlement beyond Court approval. Kodak has agreed to pay these attorneys' fees and expenses as part of the settlement.

☐ The Court has not resolved the merits of the claims or defenses in this lawsuit, and Kodak denies that it has committed any wrongdoing whatsoever.

☐ Both sides do agree that settling this case on the terms and conditions negotiated (which are subject to approval by the Court) is beneficial to all parties because continued litigation would be costly and time consuming and the outcome would be uncertain.

## <u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT</u>:

☐ Your legal rights are affected whether or not you act. Read the enclosed notice carefully.

• If you want to participate in receiving proceeds from this settlement, you must submit a completed Claim Form by no later than **October 11, 2006**.

• If you do not submit a Claim Form (or if you miss the deadline) you will not be able to participate in receiving proceeds from this settlement.

- If you wish to object to the terms of the settlement, you must write to the Court and express your reasons why you do not agree with the settlement. If you submit a written objection, you may also ask to speak to the Court about the fairness of the settlement (either personally or through an attorney hired by you) at the Fairness Hearing to be held by the Court for purposes of determining whether or not this settlement is fair.

☐ Your rights and options and your deadlines for acting under the terms of the settlement are all explained in the attached notice.

☐ Payouts from the settlement funds will not be made or authorized unless and until the Court approves the settlement and any appeals are resolved.

☐ <u>What if you do nothing</u>? If you do nothing, you will not share in the proceeds of this settlement. Also, unless you have previously excluded yourself from the class by opting out, you won't be able to start a separate lawsuit against Kodak concerning the legal issues in this case.

### If you need help concerning this notice and placing a claim

☐ If you need help or explanation concerning this notice on how to submit a claim, you may consult the web site www.overtimesuit.com. If, after consulting the web site, you still need assistance you may call 1(866) 345-0361. If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370. You may also e-mail us with questions at backpay@rochester.rr.com. **Do Not Call The Court**. All questions are to be directed to the web site or to the call center.

☐ **When and where the Court hearing will be held**: This Court will hold a Fairness Hearing to decide whether to approve this settlement. You need not attend the hearing in order to make a claim. If you choose to appear, you must submit a written objection on or before **October 11, 2006**. The hearing will be held at 10:00 a.m. on October 25, 2006 before the Honorable Michael A. Telesca in Courtroom 1, United States Courthouse, 100 State Street, Rochester, New York 14614.

ALL OF THE ABOVE IS SO ORDERED.

Michael A. Telesca_____
United States District Judge

DATED:    August 23, 2006
          Rochester, New York

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**William Robinson, Emmett Peters & Joy Josefovicz,**

                                                          **Plaintiffs,**


                    **v.**                                              **02-CV-6204(T)**

**Eastman Kodak Company,**

                                                          **Defendant.**


<u>**NOTICE FOR SUBCLASS A**</u>

**BASIC INFORMATION**

**1.      <u>Why did you get this notice package?</u>**

You received this notice package because Kodak records indicate that you currently work for, or previously worked for, Kodak and were classified by Kodak as a nonexempt employee in New York State at some time since April 11, 1996. (For the purposes of this notice, a nonexempt employee is one who is paid hourly.)  Also, in response to a previous notice sent out in this case, you did not indicate that you wanted to be excluded from this case (you did not "opt out").

You also received this package because you have a right to know about the proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the settlement, an administrator appointed by the Court will process Claims Forms from current or former employees like you so that, after any objections and appeals are resolved, you can receive proceeds from this settlement.

This package explains the lawsuit, the settlement, your legal rights, what settlement proceeds are potentially available to you, who is eligible for the proceeds, and how to get them.

The Court in charge of this case is the United States District Court for the Western District of New York, and this case is *Robinson et al. v. Kodak,* Civil Action No. 02-CV-6204.  The people who sued are the Plaintiffs, and Kodak is called the Defendant.

**2.      <u>What is this lawsuit about?</u>**

There are two parts to this lawsuit.  This notice only concerns the first part.  The issue in the first part is whether Kodak failed to properly pay overtime to nonexempt employees who worked overtime in New York State since April 11, 1996.  The Plaintiffs claim that Kodak improperly provided "Comp Time" in lieu of paying money.  The Plaintiffs also claim that Kodak failed to pay nonexempt employees when they worked overtime.  Kodak disagrees.

(The second part of this lawsuit is addressed in a separate notice that you may or may not receive.  The issue in the second part is whether Kodak properly calculated overtime payments for nonexempt employees who received performance bonuses and worked overtime in the previous calendar year).  For more information about the procedural background to the lawsuit please consult the litigation web site www.overtimesuit.com.

**3.      <u>What is "Comp Time"?</u>**

One aspect of this lawsuit concerns "Comp Time."  This is time off given in exchange for working more than a total of 40 hours *in a different work week*.  In the context of this settlement, Comp Time Hours means Comp Time that you *actually used*.  It may have been used at an hour for hour rate or an hour and a half for an hour rate.  *Comp Time is not flex time.*  Unlike Comp Time, flex time occurs when you work beyond your normally scheduled hours on one day and take time off in exchange *during the same work week*.  Only Comp Time Hours that are taken in different work weeks can be compensated.

**4.**     **What are "Unpaid Overtime Hours"?**

Another aspect of this lawsuit concerns "Unpaid Overtime Hours."  Overtime hours are hours worked in excess of 40 in a single work week. Overtime is *not* computed on a daily basis. Unpaid Overtime Hours are overtime hours for which you did not receive Comp Time or overtime pay.  If you were supposed to receive Comp Time but did not for some reason, this also counts as Unpaid Overtime Hours.

**5.**     **Why is this a class action, and what are Subclass A and Subclass B?**

In a class action, one or more people called the Class Representatives (in this case, William Robinson, Emmett Peters and Joy Josefovicz) sue for all the people who have similar claims.  All these people are a Class or Class Members. The Class or Class Members in this lawsuit are divided into two parts:  Subclass A and Subclass B.

This notice only concerns members of Subclass A(1), which consists of people who worked for Kodak and were classified by Kodak as nonexempt employees in New York State at any time since April 11, 1996, and who:

       o   received Comp Time (as defined above) for working overtime

        **OR**

       o   worked overtime (as defined above) but were not paid for this work.

This Notice does not concern putative Subclass A(2) which consists of technologists classified by Kodak as exempt employees.

(Members of Subclass B are people who worked for Kodak and were classified by Kodak as nonexempt employees in New York State since April 11, 1996, and who received performance bonuses and worked overtime in the previous calendar year.  A separate notice will be sent to individuals who fall into this group.)

One court (in this case, the United States District Court for the Western District of New York) decides the issues for all Class Members, except for those who previously excluded themselves from the Class.

**6.**     **Why is there a settlement?**

The Court did not decide which side – the Plaintiffs or Kodak – was right.  There was no trial.  Instead, both sides agreed to this settlement.  That way, they avoid the costs and risks of a trial, and many of the people affected will get payments for the alleged overtime.  If there had been a trial, the Plaintiffs believe that the current and former employees may have gotten more if they won, but they also would have gotten nothing if they lost.  Kodak has denied that it has committed any wrongdoing whatsoever.  Accordingly, the Class Representatives and attorneys think the settlement is best for all Class Members.  For more information concerning the factual and legal issues that were taken into consideration in reaching this settlement please consult the litigation web site www.overtimesuit.com.

**WHO IS IN THE SETTLEMENT?**

**1.**     **How do I know if I am part of this settlement?**

The Court has decided that the following people are Members of Subclass A(1):  *All persons who worked for Kodak in New York State and were classified by Kodak as nonexempt employees since April 11, 1996, and who worked overtime but were not promptly paid in cash or cash equivalent for overtime worked.*  Unless you previously excluded yourself from Subclass A, current and former Kodak employees who fall into Subclass A(1) are part of this settlement.

(This notice only concerns Members of Subclass A(1).  Members of Subclass B will receive a separate notice.)

**THE TERMS OF THE PROPOSED SETTLEMENT AND WHAT YOU MAY BE ENTITLED TO**

**1.**     **What are the terms of the proposed settlement?**

To settle this case, the parties propose that Kodak pay $13,925,000.00 in cash into a Total Settlement Fund, and to distribute the money from this fund as follows:

a.  $9,500,000.00 will be used to satisfy Subclass A claims (which are subject of this notice) and associated administration expenses;
b.  $425,000.00 will be used to satisfy Subclass B claims (which are the subject of a separate notice) and associated administration expenses;
c.  $4,000,000.00 will be used to pay plaintiff's attorneys fees and disbursements;
d.  The named representatives Peters and Josefovicz will receive $6,000 each and named representative Robinson will receive $12,000 from the appropriate subclass amounts described in paragraphs a. and b. for their efforts and assumptions of risk associated with bringing these actions on behalf of the class.

In addition to the money, Kodak has also agreed to discontinue using "Comp Time" as of 2002, unless the law changes to permit private employers to use it.  Kodak further agrees to maintain a process by which employees may check time records reflecting the number of hours in each workweek that will be used to calculate their pay.

The settlement will result in the dismissal of this action and the release of the claims as set forth in the settlement agreement for all Subclass A1 class members.  In short, if the Court approves this settlement, all Class Members will release the claims that are the subject of this lawsuit.

**2.      How will the $9,500,000.00 earmarked for Subclass A(1) claims be distributed?**

The $9,500,000.00 earmarked for Subclass A (1) claims (plus any interest that accrues on this amount) will be distributed to members of Subclass A who: (1) had at least 5 Comp Time Hours, 5 Unpaid Overtime Hours, or some combination of 5 Comp Time and Unpaid Overtime Hours during any one or more years since April 11, 1996, and (2) submit an acceptable Proof of Claim.  (The terms "Comp Time" and "Unpaid Overtime Hours" are defined above.)  Members of Subclass A(1) who satisfy both of these conditions are called Qualified Claimants.  Members of Subclass A(1) who cannot, or do not, satisfy both of these conditions are not Qualified Claimants and will not receive proceeds from this fund.

**3.      Why is there a 5-hour requirement to be a Qualified Claimant?**

As stated in paragraph 2, to be eligible to make a claim, you must have had at least 5 Comp Time Hours, 5 Unpaid Overtime Hours, or some combination of 5 Comp Time and Unpaid Overtime Hours in a particular year.  (The reason for this requirement is that minimal amounts of overtime can be considered too small to require compensation, and so that people who have only minimal amounts of Unpaid Overtime do not exhaust the settlement fund.)

**4.      How do you make a claim for a payment from the $9,500,000.00 fund?**

To make a claim for proceeds from the $9,500,000.00 fund earmarked for Subclass A, you must complete and submit a Proof of Claim Form to the Claims Administrator on or before **October 11, 2006**.  *If you are a Qualified Claimant (as defined in paragraph 2 above), you will have to choose one of two options.*  First, you can apply to what is called "Fund 1" for a payment of a set amount per each year with 5 or more hours of Comp Time or Unpaid Overtime.  Second, you may choose instead to go through a longer process of applying to what is called "Fund 2" for a greater amount per year.  You must choose one fund or the other for all years, and you cannot make a claim to both funds even for different years.  *In short, if you make a claim against Fund 1, you are precluded from making a claim against Fund 2 (and vice versa).*  Both funds are described in more detail below.

**5.      Can I submit a claim form on behalf of a deceased person or in another representative capacity?**
Unfortunately, due to the nature of this settlement, a claim form may be submitted only by a Qualified Claimant.  People cannot submit claim forms on behalf of others.

**6.      Why are there two different funds?**

The settlement gives Qualified Claimants a choice.  There is a relatively quick and easy way to claim a set amount for years with five or more hours of comp time or unpaid overtime.  Alternatively, Qualified Claimants may seek greater amounts by way of a somewhat more complicated and lengthy process.

**7.**     **Who is the Claims Administrator?**

A "Claims Administrator" in a class action lawsuit is a company hired to attend to the administrative details of the settlement, including sending and collecting claims forms, and distributing settlement payments. In this case, the Claims Administrator is: The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**8.**     **What happens if you make a claim against Fund 1?**

If you are a Qualified Claimant and choose to make a claim against Fund 1, you will be applying for the following set amounts:

- $150 per year for Comp Time Hours (as defined on pages 1-2) that were used. If you previously sent in an opt-in form, this amount will increase to $250 for opt-in years;

  **OR**

- $250 per year for Unpaid Overtime Hours (as defined on page 2). If you previously sent in an opt-in form, this amount will increase to $350 for opt-in years.

The $100 increase in the yearly amount above is called an "opt-in premium". This is provided for people who previously chose to opt-in for certain years. The Fair Labor Standards Act provides for additional damages under certain circumstances. Only those who opted in to the case are entitled to these higher amounts. You will not have to make this determination; the Claims Administrator will determine whether you opted-in.

Payments from Fund 1 are expedited, and will be made within 90 days after the time for appeal has run (or after all appeals are finalized) for the Court's Order approving the Settlement. Because this date is not yet known, please be patient. Please note: *You may claim from Fund 1 or Fund 2, but not both.*

*To obtain a settlement payment from Fund 1, you must complete a Proof of Claim for Fund 1. This form is attached to the end of the package.*

**9.**     **What happens if you make a claim against Fund 2?**

If you are a Qualified Claimant and wish to claim more than is provided by Fund 1, you can make a claim against Fund 2. Unlike Fund 1 claims, Fund 2 claims will be reviewed by Kodak prior to payment and will likely take longer to process. Kodak also has the right to challenge Fund 2 claims as described below. Please note: *You may claim from Fund 1 or Fund 2, but not both.*

To apply to Fund 2, you will have to determine approximately how many hours of compensable overtime you have since April 11, 1996. You must then approximate how much of this time was Comp Time that was used and how much was Unpaid Overtime Hours.

As in Fund 1, if you previously sent in an opt-in form, you will be eligible for an "opt-in premium". In the case of Fund 2, however, this premium is calculated on an hourly basis, as described below. You do not have to make this determination; the Claims Administrator will determine whether you opted-in.

If you choose to make a claim against Fund 2, you will be eligible for the following amounts:

- *For Opt-in Years:* You may claim $7.50 per hour for Comp Time that was used and $25 per hour for Unpaid Overtime Hours (as defined above).

  **OR**

- *For Other (Non Opt-in) Years:* You may claim $5.00 per hour for Comp Time that was used and $20 per hour for Unpaid Overtime Hours (as defined above).

Any claims you make against Fund 2 are subject to the following caps:

- *Per Year Cap* – $750 per year for regular years and $1,000 per year for opt-in years

   **AND**

- *Total Cap* – $5,000 total cap for all years or $6,000 for individuals whose claims include opt-in years.

Please note that these caps could be reduced if the total claims exceed the settlement funds. This is described below.

Kodak must identify which Fund 2 claims it objects to within 90 days from the time for appeal has run (or after all appeals are finalized) for the Court's Order approving the Settlement. Within that 90-day period, Kodak can notify the Claims Administrator that it intends to make a counteroffer to the Plaintiffs and to present a basis for its counteroffer. Alternatively, it may notify the Claims Administrator that it intends to contest the claim. The Claims Administrator will notify the claimant of the counteroffer or of the contest and of the reasons for it.

Claimants may accept the counteroffer, if any, within 20 days after the date it is sent; otherwise, the claim will become a contested claim.

All contested claims will be referred to an individual appointed by the Court, called a Special Master. The Special Master will review the contested claims and set up a process to resolve the contested claims. The Special Master may approve of the claim in its entirety, reject the claim in its entirety (in which case the claimant will receive nothing) or approve only a portion of the claim.

The Special Master, through the Claims Administrator, will notify the claimants as to how to proceed regarding contested claims.

Fund 2 claims that are not contested will be paid as soon as practicable. This will depend, in large part, on whether the total amount of claims exceeds the portion of the settlement fund that is allocated to Fund 2. If the total amount of the claims exceeds the Fund 2 allocation, no Fund 2 claims can be paid until all of the contested claims are resolved. It is difficult to predict how long this could take. It could take a year or longer. Please be patient.

*To obtain a settlement payment from Fund 2, you must complete a Proof of Claim for Fund 2. This form is attached to the end of the package.*

### 10.  How will the $9,500,000.00 fund be divided between Fund 1 and Fund 2?

The $9,500,000.00 settlement amount (plus any accrued interest) earmarked for Subclass A is called the Net Settlement Fund. This will be divided between Fund 1 and Fund 2. The Claims Administrator will determine how the Net Settlement Fund will be allocated between Fund 1 and Fund 2 after all of the claims have been received. The Administrator will total the amount claimed against both funds. If the combined total for both funds does not exceed the Net Settlement Fund, then Fund 1 claims will be paid in full and Fund 2 claims will be processed. If the combined total amount exceeds the Net Settlement Fund, then the Net Settlement Fund will be divided between Fund 1 and Fund 2 in the same proportion as the total amount claimed against each fund.

### 11.  What happens if money remains after all settlement payments are made?

Any portion of the settlement payments either not claimed by the Class Members or not paid by the Settlement Administrator remain the property of Kodak and will revert to Kodak.

### 12.  How do you file a claim?

To file a claim, you must complete a Proof of Claim form for the fund that you are filing against. That means – to file a claim – you must complete and file *either* a Proof of Claim for Fund 1 *or* a Proof of Claim for Fund 2. *You must choose one or the other, and cannot file both.* Both forms are located at the end of this package.

Both Proof of Claim forms require a signed statement that you worked five or more hours per year of Comp Time, or Unpaid Overtime Hours, in one or more years during the Class Period. Claims made against Fund 2 require a more detailed Proof of Claim than those made against Fund 1.

Neither fund requires that you produce documentation that you worked the Comp Time or Unpaid Overtime Hours if none exists. However, claims made against Fund 2 do require you to produce relevant documentation that you may possess.

It is understood that you may not have a precise recollection of exactly how many overtime hours you worked, or when you worked them. With this in mind, you are asked to make a good-faith attempt to estimate the Comp Time and Unpaid Overtime Hours as accurately as possible.

To assist you in completing the forms, the Claim Administrator will provide information pertaining to the years of your employment (and other information) on the following web site: www.overtimesuit.com. For further information on how to complete the form, you can contact the Claims Administrator at the following telephone number: 1(866) 345-0361.

### 13.    <u>What is the deadline for filing a Proof of Claim?</u>

*\*\*\*All Proofs of Claim must be submitted by **October 11, 2006**, unless this date is extended by the Court. If you do not submit your Proof of Claim by this date, you will not be eligible to share in the proceeds of this settlement.\*\*\**

### 14.    <u>Will taxes be withheld from your settlement payment?</u>

The Claims Administrator will make normal tax deductions and withholdings (including the employer's share of any taxes) from portions of the settlement payments that are paid to you. Fifty percent of any payment to you will be deemed to be payments to compromise damages attributable to liquidated damages and interest and will not be deemed as wages for the purposes of taxes or withholding. The remainder of the payment will be treated as wages for the purposes of taxes and withholding. Kodak will not be responsible for the payment or the satisfaction of any tax liabilities or liens associated with such payments. If you have any questions about the tax implications of a payment, you may want to consult a tax professional.

### 15.    <u>What if you signed a Termination Allowance Plan ("TAP") Agreement?</u>

This will not affect your ability to submit a claim or share in the proceeds of this settlement. The Court has ruled that nonexempt employees who signed Termination Allowance Plan ("TAP") Agreements may join this lawsuit and that Kodak may not seek the return of, nor discontinue, benefits payable to them under TAP agreements.

### 16.    <u>What if you are still employed by Kodak?</u>

The Fair Labor Standards Act prohibits an employer from discriminating against or retaliating against you if you choose to take part in this case.

### 17.    <u>What should you know about Subclass B?</u>

This notice package only pertains to Subclass A (as defined above). Subclass B claims concern allegations of small underpayments of overtime as a result of Kodak allegedly not including certain bonus payments in the overtime calculation. Individual members of Subclass B will receive a separate notification. Even if you are a member of Subclass A, you may also be a member of Subclass B and eligible for additional settlement proceeds.

### 18.    <u>What should I know about the attorneys' fees and costs in this case?</u>

Plaintiffs' counsel intends to apply for a total of $4,000,000.00 in attorneys' fees as well as to cover disbursements incurred in connection with the prosecution of this action. Of this amount, $300,000.00 is allocated to counsels' obtaining the prospective relief described in paragraph 1 of this section. The remaining $3,700,000.00 in fees and costs amount to approximately 26.5 percent of the total settlement fund.

Plaintiffs' counsel expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and advanced the expenses of this litigation in the expectation that if they were successful in obtaining a recovery for the class, they would be paid from it. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

**19.    What if you do nothing?**

If you do nothing, you will not share in the proceeds in this settlement. But, unless you have excluded yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Kodak concerning the legal issues in this case.

**THE COURT'S HEARING TO APPROVE THE SETTLEMENT**

**1.    When and where will the Court hearing be?**

The Court will hold a hearing to decide whether to approve this settlement. This is called the Fairness Hearing. You may attend and you may ask to speak at the hearing, but you don't have to. The Court will hold the Fairness Hearing at 10:00 a.m., on October 25, 2006. It will be before Hon. Michael J. Telesca in Courtroom 1 of the United States Courthouse, 100 State St., Rochester, New York 14614.

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. It will also consider whether the plan of allocation for the proceeds and the Plaintiffs' attorneys' fees and reimbursement of expenses is fair, reasonable, and adequate. This hearing may be adjourned from time to time without further written notice to you. If you plan to attend the hearing, you should confirm the date and time with the litigation web site – www.overtimesuit.com

**2.    Do you have to come to the hearing?**

You do not have to attend the hearing or take any other action to indicate your approval of the settlement. The attorneys will answer any questions the Court may have. But you can attend at you own expense if you want to. You may also pay your own lawyer to attend or talk about your objections, but that is not necessary either.

**3.    Can you or your attorney speak at the hearing?**

You or your attorney may ask for permission to speak at the hearing. To do so, on or before **October 11, 2006,** you or your attorney must: (a) file with the Clerk of the Court notice of your intent to appear, provide a statement that indicates your basis for opposition to the settlement, provide any documentation in support of the objection, provide the identity of any witnesses you may call to testify along with any exhibits you intend to introduce, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak. The addresses of these attorneys are in the contact information at the end of this package. *If you fail to take these steps, you will not be eligible to speak at the hearing.*

**4.    Can I send in written objections?**

In lieu of speaking at the hearing, you can file written objections with the Clerk of the Court. To do so, on or before **October 11, 2006,** you or your attorney must: (a) file with the Clerk of the Court a statement that indicates your basis for opposition to the settlement and provide any documentation in support of the objection, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak. The addresses of these attorneys are in the contact information at the end of this package.

**GETTING MORE INFORMATION**

**1.    How can you get more information about the settlement or ask questions about this notice?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by visiting the Office of the Clerk during regular business hours at the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

If you have questions about this notice, the settlement, or submitting a claim, you may consult the web site www.overtimesuit.com. If, after consulting the web site, you still need assistance you may call 1(866) 345-0361. If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370.

**2.**    **Where can you inspect the Settlement Agreement and other documents related to this case?**

You can inspect the Settlement Agreement, pleadings, stipulations, Orders, and other papers filed in this action during regular business hours at the Office of the Clerk of the Court of the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

**3.**    **Where can you obtain information about the final approval of this settlement?**

No additional information will be mailed pertaining to the final approval of this settlement.  Please consult the litigation website (www.overtimesuit.com) to obtain such information.

**CONTACT INFORMATION**

**1.**    **Who are the Plaintiffs' attorneys and what is their address?**

The plaintiffs' counsel are Mark Hannabury, Esq. and Charles W. Rogers, Esq. of the Law Offices of Charles W. Rogers, 45 Exchange St., Suite 825, Rochester, NY 14614.

**2.**    **Who are Kodak's attorneys and what is their address?**

Kodak's attorneys are Todd R. Shinaman, Esq. and Jocelyn Torres, Esq. of Nixon Peabody LLP, 1100 Clinton Square, Rochester, NY 14603.

**3.**    **Who is the Claims Administrator and what is their address?**

The Claims Administrator is:  The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**4.**    **What is the Address for the Clerk of the Court?**

The Clerk of the Court's address is:  Clerk of the Court, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

**THIS PAGE INTENTIONALLY LEFT BLANK**

**THIS PAGE INTENTIONALLY LEFT BLANK**

**Must be Postmarked
No Later Than:
October 11, 2006**

**In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6458
Merrick, NY 11566-9000
1(866) 345-0361
www.overtimesuit.com**



KOD-A

## CLAIMANT IDENTIFICATION:

Claim Number: 9000401          Control Number: 1168486651

X X
X
x
X, NY 00000

WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE*:

Name:

Address:

City/State:

Zip Code:

*IF THE ABOVE AREA IS UNDERLINE BLANK, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE* ➔

Please fill in Social Security Number/
Taxpayer ID Number if box is blank:

Evening Telephone Number: (    )    -

Daytime Telephone Number: (    )    -

Email Address:

### PROOF OF CLAIM SUBCLASS A Fund 1 Expedited Claims

DEADLINE FOR SUBMISSION: **OCTOBER 11, 2006**

IF YOU WORKED FOR EASTMAN KODAK COMPANY AND WERE DESIGNATED AS A NON-EXEMPT EMPLOYEE IN NEW YORK STATE AT ANY TIME DURING THE PERIOD APRIL 11, 1996 TO ENTRY OF JUDGMENT IN THIS CASE AND YOU WORKED OVERTIME BUT WERE NOT PROMPTLY PAID IN CASH OR CASH EQUIVALENT FOR OVERTIME WORKED YOU ARE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS FROM SETTLEMENT IN THIS LITIGATION. (EXCLUDED FROM THE CLASS ARE ALL PERSONS WHO PREVIOUSLY FILED A REQUEST FOR EXCLUSION)

IN ORDER TO BE ELIGIBLE TO RECEIVE ANY SHARE OF THE NET SETTLEMENT FUNDS, YOU MUST BE A CLASS MEMBER AND YOU MUST COMPLETE, SIGN AND SUBMIT A PROOF OF CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN **OCTOBER 11, 2006** TO THE FOLLOWING ADDRESS:

In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6458
Merrick, NY 11566-9000

YOUR FAILURE TO SUBMIT YOUR CLAIM BY DATE **OCTOBER 11, 2006** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT IN THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

### INSTRUCTIONS

You must choose either Fund 1 or Fund 2 for all years for which you believe you have a claim. You may not apply to some years to Fund 1 and to some years to Fund 2

For each year that you believe that you worked 5 or more Overtime Hours for which you were paid Comp Time Hours and/or that were Unpaid Overtime Hours, check the box that is most appropriate to you for each year. **Check only one box per year**. Check only those years that you believe that you were paid Comp Time Hours and/or that were Unpaid Overtime Hours.



<u>The following definitions apply to the Fund 1 Form</u>:

**Comp Time Hours** —(See Paragraph 3 of the Notice) Hours for which you received for Comp Time Hours instead of overtime pay. These are the hours where you actually took the Comp Time. Remember that Comp Time is not Flex Time. Comp Time Hours occur when you worked more than a total of 40 hours in a single week then took time off in a different week.

**Number of Unpaid Overtime Hours** —(See paragraph 4 of the Notice) Number of hours you worked Overtime (hours in excess of 40 hours in a single Work Week for which you did not receive either (1) overtime pay or (2) Comp Time Hours.(Remember, overtime is computed on a weekly basis, not on a daily basis).

**STATEMENT OF CLAIM**

1.      I did work for the Eastman Kodak Company in New York State in one or more years since April 11, 1996.

2.      I worked as a non-exempt (hourly)  Employee for five or more hours of  overtime for Kodak in New York State for which I  either (1) received Comp Time Hours  or ( 2)  were not compensated at all (Unpaid Overtime Hours) during any year from 1996 to the present.

3.      I have set forth where requested below the requested information with respect to each year I worked 5 or more overtime hours for which I was paid Comp Time Hours and/or that were Unpaid Overtime Hours.

4.      I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, such as verification with Kodak records as to years of employment.

**Check only one box per year**

| | **Only Comp Time Hours**<br><br>Check here if you worked for five or more hours of Unpaid Overtime Hours during this year and you received Comp Time Hours for all of it. | **Comp Time Hours and/or Unpaid Overtime Hours**<br><br>Check here if you worked for five or more hours of Overtime Hours during this year and some or all of the time was completely uncompensated. |
|---|---|---|
| 1996 | ❑ | ❑ |
| 1997 | ❑ | ❑ |
| 1998 | ❑ | ❑ |
| 1999 | ❑ | ❑ |
| 2000 | ❑ | ❑ |
| 2001 | ❑ | ❑ |
| 2002 | ❑ | ❑ |
| 2003 | ❑ | ❑ |
| 2004 | ❑ | ❑ |
| 2005 | ❑ | ❑ |
| 2006 | ❑ | ❑ |

I affirm that the information contained in this Proof of Claim is true and accurate to the best of my knowledge and  recollection. I understand that it is permissible for me to estimate to the best of my recollection.  However, I also understand that any willful or purposeful misstatements may be punishable under state and federal law.

_____                                _____
Signature                                                                                       Date

**PROOF OF CLAIM SUBCLASS A, Fund 2**

DEADLINE FOR SUBMISSION: **OCTOBER 11, 2006**
IF YOU  WORKED FOR EASTMAN KODAK COMPANY AND WERE DESIGNATED AS A NON-EXEMPT EMPLOYEE IN NEW YORK STATE AT ANY TIME DURING THE PERIOD APRIL 11, 1996 TO ENTRY OF JUDGMENT IN THIS CASE AND YOU WORKED OVERTIME BUT WERE NOT PROMPTLY PAID IN CASH OR CASH EQUIVALENT FOR OVERTIME WORKED YOU ARE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS FROM SETTLEMENT IN THIS LITIGATION. (EXCLUDED FROM THE CLASS ARE ALL PERSONS  WHO PREVIOUSLY FILED A REQUEST FOR EXCLUSION)

IN ORDER TO BE ELIGIBLE TO RECEIVE ANY SHARE OF THE NET SETTLEMENT FUNDS, YOU MUST BE  A CLASS MEMBER AND YOU MUST COMPLETE, SIGN AND SUBMIT A PROOF OF CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN **OCTOBER 11, 2006** TO THE FOLLOWING ADDRESS:

In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6458
Merrick, NY 11566-9000

YOUR FAILURE TO SUBMIT YOUR CLAIM BY **OCTOBER 11, 2006**  WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT IN THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

**INSTRUCTIONS**

You must choose either Fund 1 or Fund 2 for all years for which you believe you have a claim. You may not apply to some years to  Fund 1 and to some years to Fund 2.

For each year that you believe that you worked  5 or more Overtime Hours for which you were paid Comp Time Hours and/or that were Unpaid Overtime Hours, provide the information requested.  You may approximate to the best of your recollection if you do not have records of  unpaid overtime.

The following definitions apply to the Fund 2 Form:

**Number of Comp Time Hours**—  (See Paragraph 3 of the Notice) Number of Overtime Hours for which you received  for Comp Time Hours instead of  overtime pay.  These are the hours where you actually took the Comp Time.  Remember that Comp Time is not Flex Time.  Comp Time Hours occur when you worked more than a total of 40 hours in a single week then took time off in a different week.

**Number of Unpaid Overtime Hours**—(See paragraph 4 of the Notice) Number of hours you worked Overtime (hours in excess of 40 hours in a single Work Week for which you did not receive either (1) overtime pay or (2) Comp Time Hours.(Remember, overtime is computed on a weekly basis, not on a daily basis).

**Name of Department**—Identify the department or departments  you worked in each year in which you claim Comp Time Hours or Unpaid Overtime Hours .

**Name of Supervisors**—Identify your supervisor or supervisors in the departments where you claim Comp Time Hours or Unpaid Overtime Hours.

**Description of Underpayment**— Describe the circumstances resulting in Comp Time Hours or Unpaid Overtime Hours.  For example, was it a matter of coming in early, staying late, working through lunch, working at home, traveling, or a combination of these?  Were there unique circumstances, or special projects that required this overtime?  Is there other information that you think may be useful in determining this claim in the event that it is contested?



**STATEMENT OF CLAIM**

1.      I did work for the Eastman Kodak Company in New York State in one or more years since April 11, 1996.

2.      I have set forth where requested below the information with respect to each year  I worked as a non-exempt (hourly) employee  for five (5) or more hours of  Overtime  for Kodak in New York State for  either (1) received Comp Time Hours  or ( 2)  were not compensated at all (Unpaid Overtime Hours, see, during any year from 1996 to the present.

3.      I have enclosed photocopies of time records or other records I have relating to Unpaid Overtime Hours and Comp Time Hours. (You do not have to include pay stubs or other records generated by Kodak).

4.      I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct. Moreover, I understand that Kodak may challenge any Fund 2 Claim.  In the event of a challenge, Kodak may make a counter offer to me, or it may require me to submit a statement to the Special Master regarding my claim.  I agree that the decision of the Special Master shall be final.

| Year | No. of Comp Time Hours | No. of Unpaid Overtime Hours | Department | Name of Supervisors | Description of Underpayment[1] |
|------|------|------|------|------|------|
| 1996 | | | | | |
| 1997 | | | | | |
| 1998 | | | | | |
| 1999 | | | | | |
| 2000 | | | | | |
| 2001 | | | | | |



| | | | | | |
|---|---|---|---|---|---|
| 2002 | | | | | |
| 2003 | | | | | |
| 2004 | | | | | |
| 2005 | | | | | |
| 2006 | | | | | |

---

I affirm that the information contained in this Proof of Claim is true and accurate to the best of my knowledge and recollection. I understand that it is permissible for me to estimate to the best of my recollection. However, I also understand that any willful or purposeful misstatements may be punishable under state and federal law.

_____    _____
Signature                                                        Date

[1] You may continue on the back of this page, or include additional pages, if necessary.

Exhibit B

**THIS PAGE INTENTIONALLY LEFT BLANK**

# Exhibit C

## SUMMARY OF THE KEY POINTS OF ATTACHED NOTICE FOR SUBCLASS B

**THIS IS A SUMMARY OF THE KEY POINTS OF THE ENCLOSED NOTICE. ULTIMATELY ALL TERMS AND CONDITIONS OF THE SETTLEMENT ARE GOVERNED BY THE ATTACHED NOTICE AND THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES. YOU ARE ENCOURAGED TO READ THIS SUMMARY AND THE COMPLETE NOTICE TO ANSWER QUESTIONS YOU MAY HAVE ABOUT THE PROPOSED SETTLEMENT OF A CLASS ACTION PENDING IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK BEFORE THE HONORABLE MICHAEL A. TELESCA, UNITED STATES DISTRICT JUDGE, ENTITLED:**

### ROBINSON, ET AL v. EASTMAN KODAK COMPANY
### 02-CV-6204T

**THIS IS A FEDERAL COURT AUTHORIZED NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

☐ A settlement has been proposed in a class action lawsuit filed against Eastman Kodak Company (referred to in this notice as "Kodak"). Part of this lawsuit claims that Kodak did not properly calculate overtime pay for hourly employees who received a performance bonus and worked overtime in the calendar year prior to receiving the bonus. The other claims in this lawsuit concern "comp time" and "unpaid overtime hours." You will also receive a separate notice (entitled "Notice for Subclass A") concerning the settlement of these claims.

☐ Under the terms of this proposed settlement, Kodak will provide payments to qualified class members who worked for Kodak and were classified by Kodak as nonexempt (hourly) employees in New York State at any time since April 11, 1996. You may be entitled to share in the proposed settlement if you qualify as a class member as explained in the attached notice.

☐ If you qualify as a class member, you must complete and send in a Claim Form in order to receive payment. You may also elect to do nothing and receive no payment. A Claim Form is attached to the end of the enclosed notice. Even if you complete and send in a Claim Form, you may still object to the terms of this settlement if you wish.

☐ This proposed settlement resolves this lawsuit and will affect your legal rights. It provides payments to those who are qualified under the terms of the settlement, and releases Kodak from further liability to all members of the class.

☐ If you are still a Kodak employee, submitting a Claim Form <u>will not</u> affect or jeopardize your job in any way whatsoever.

☐ The lawyers for the employees (and former employees) will ask the Court to approve the settlement, which includes payment of their fees and expenses for investigating the facts and the law, for litigating this case since 2002, and for negotiating this settlement. They will have continuing responsibility to implement the settlement beyond Court approval. Kodak has agreed to pay these attorneys' fees and expenses as part of the settlement.

☐ The Court has not resolved the merits of the claims or defenses in this lawsuit, and Kodak denies that it has committed any wrongdoing whatsoever.

☐ Both sides do agree that settling this case on the terms and conditions negotiated (which are subject to approval by the Court) is beneficial to all parties because continued litigation would be costly and time consuming and the outcome would be uncertain.

### <u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT</u>:

☐ Your legal rights are affected whether or not you act. Read the enclosed notice carefully.

- If you want to participate in receiving proceeds from this settlement, you must submit a completed Claim Form by no later than **October 11, 2006.**

If you do not submit a Claim Form (or if you miss the deadline) you will not be able to participate in receiving proceeds from this settlement.

- If you wish to object to the terms of the settlement, you must write to the Court and express your reasons why you do not agree with the settlement. If you submit a written objection, you may also ask to speak to the Court about the fairness of the settlement (either personally or through an attorney hired by you) at the Fairness Hearing to be held by the Court for purposes of determining whether or not this settlement is fair.

☐ Your rights and options and your deadlines for acting under the terms of the settlement are all explained in the attached notice.

☐ Payouts from the settlement funds will not be made or authorized unless and until the Court approves the settlement and any appeals are resolved.

☐ **What if you do nothing**? If you do nothing, you will not share in the proceeds of this settlement. Also, unless you have previously excluded yourself from the class by opting out, you won't be able to start a separate lawsuit against Kodak concerning the legal issues in this case.

<u>**If you need help concerning this notice and placing a claim**</u>

☐ If you need help or explanation concerning this notice on how to submit a claim, you may consult the web site www.overtimesuit.com. If, after consulting the web site, you still need assistance you may call 1(866) 345-0361. If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370. You may also e-mail us with questions at backpay@rochester.rr.com. **Do Not Call The Court**. All questions are to be directed to the web site or to the call center.

☐ **When and where the Court hearing will be held**: This Court will hold a Fairness Hearing to decide whether to approve this settlement. You need not attend the hearing in order to make a claim. If you choose to appear, you must submit a written objection on or before **October 11, 2006.** The hearing will he held at 10:00 a.m. on October 25, 2006 before the Honorable Michael A. Telesca in Courtroom 1, United States Courthouse, 100 State Street, Rochester, New York 14614.

ALL OF THE ABOVE IS SO ORDERED.

Michael A. Telesca
United States District Judge

DATED:    August 23, 2006
Rochester, New York

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**William Robinson, Emmett Peters & Joy Josefovicz,**
                                                  **Plaintiffs,**

             **v.**                                              **02-CV-6204(T)**

**Eastman Kodak Company,**

                                          **Defendant.**

**NOTICE FOR SUBCLASS B**

**BASIC INFORMATION**

**1.    Why did you get this notice package?**

You received this notice package because Kodak records indicate that you currently work for, or previously worked for, Kodak and were classified by Kodak as a nonexempt employee in New York State at some time since April 11, 1996. Also, in response to a previous notice sent out in this case, you did not indicate that you wanted to be excluded from this case (you did not "opt out").

You also received this package because you have a right to know about the proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, an administrator appointed by the Court will process Claims Forms from current or former employees like you so that, after any objections and appeals are resolved, you can receive proceeds from this settlement.

This package explains the lawsuit, the settlement, your legal rights, what settlement proceeds are potentially available to you, who is eligible for the payments, and how to get them.

The Court in charge of this case is the United States District Court for the Western District of New York, and this case is *Robinson et al. v. Kodak,* Civil Action No. 02-CV-6204. The people who sued are the Plaintiffs, and Kodak is called the Defendant.

**2.    What is this lawsuit about?**

There are two parts to this lawsuit. This notice only concerns the second part. The issue in the second part is whether Kodak properly calculated overtime payments for nonexempt employees who received performance bonuses and worked overtime in the preceding calendar year. The Plaintiffs claim that Kodak improperly failed to take these performance bonuses into account when calculating overtime. Kodak disagrees.

The issue in the first part is whether Kodak failed to properly pay overtime to nonexempt (hourly) employees who worked overtime in New York State since April 11, 1996. The first part of this lawsuit is addressed in a separate notice that you will receive. For more information about the procedural background to the lawsuit please consult the litigation web site www.overtimesuit.com.

**3.    Why is this a class action, and what are Subclass A and Subclass B?**

In a class action, one or more people called the Class Representatives (in this case, William Robinson, Emmett Peters and Joy Josefovicz) sue for all the people who have similar claims. All of these people are a Class or called Class Members. The Class or Class Members in this lawsuit are divided into two parts: Subclass A and Subclass B.

This notice only concerns members of Subclass B, who are people that worked for Kodak and were classified by Kodak as nonexempt employees in New York State at any time since April 11, 1996, and who received performance bonuses and worked overtime in the preceding calendar year.

Members of Subclass A are people who worked for Kodak and were classified by Kodak as nonexempt employees in New York State since April 11, 1996, and who received "comp time" or no compensation for working overtime. You will receive a separate notice regarding Subclass A.

One court (in this case, the United States District Court for the Western District of New York) decides the issues for all Class Members, except for those who previously excluded themselves from the Class.

**4.    Why is there a settlement?**

The Court did not decide which side – the Plaintiffs or Kodak – was right. There was no trial. Instead, both sides agreed to this settlement. That way, they avoid the costs and risks of a trial, and many of the people affected will get payments for the alleged overtime. If there had been a trial, the Plaintiffs believe that the current and former employees may have gotten more if they won, but they also would have gotten nothing if they lost. Kodak has denied that it has committed any wrongdoing whatsoever. Accordingly, the Class Representatives and attorneys think the settlement is best for all Class Members. For more information concerning the factual and legal issues that were taken into consideration in reaching this settlement please consult the litigation web site www.overtimesuit.com.

**WHO IS IN THE SETTLEMENT?**

**1.    How do I know if I am part of this settlement?**

The Court has decided that the following people are Members of Subclass B: *All persons who have worked for Eastman Kodak Company and were classified by Kodak as non-exempt employees in New York State since April 11, 1996 who received a lump sum performance bonus and who had worked overtime during the preceding year.* Unless you previously excluded yourself from this Subclass, current and former Kodak employees who fall into this Subclass are part of this settlement.

This notice only concerns Members of Subclass B. Members of Subclass A will receive a separate notice.

**THE TERMS OF THE PROPOSED SETTLEMENT AND WHAT YOU MAY BE ENTITLED TO**

**1.    What are the terms of the proposed settlement?**

To settle this case, the parties propose that Kodak pay $13,925,000.00 in cash into a Total Settlement Fund, and to distribute the money from this fund as follows:

a. $9,500,000.00 will be used to satisfy Subclass A claims (which are the subject of a separate notice) and associated administration expenses;

b. $425,000.00 will be used to satisfy Subclass B claims (which are the subject of this notice) and associated administration expenses;

c. $4,000,000.00 will be used to pay plaintiff's attorneys fees and disbursements;

d. The named representatives Peters and Josefovicz will receive $6,000 each and named representative Robinson will receive $12,000 from the appropriate subclass amounts described in paragraphs a. and b. for their efforts and assumptions of risk associated with bringing these actions on behalf of the class.

In addition to the money, Kodak has also agreed to discontinue using "Comp Time" as of 2002, unless the law changes to permit private employers to use it. Kodak further agrees to maintain a process by which employees may check time records reflecting the number of hours in each workweek that will be used to calculate their pay.

The settlement will result in the dismissal of this action and the release of the claims as set forth in the Settlement Agreement for all class members (except for certain technologists).  In short, if the Court approves this settlement, all Class Members will release the claims that are the subject of this lawsuit.

**2.    How will the $425,000.00 earmarked for Subclass B claims be distributed?**

This notice primarily concerns the $425,000.00 earmarked for Subclass B claims (plus any interest that accrues on this amount).  This will be distributed to members of Subclass B who submit an acceptable Proof of Claim.

**3.    How do you make a claim for proceeds from the $425,000.00 fund earmarked for Subclass B?**

To make a claim for proceeds from the $425,000.00 fund earmarked for Subclass B, you must complete and submit a Proof of Claim Form for Subclass B to the Claims Administrator on or before **October 11, 2006**.  The Form is attached to the end of this package.

It is understood that you may not have a precise recollection of exactly how many overtime hours you worked, or when you worked them.  With this in mind, you are asked to make a good-faith attempt to estimate whether you worked the required number of overtime hours in the identified years as accurately as possible.

To assist you in completing the forms, the Claim Administrator will provide information pertaining to the years of your employment (and other information) on the following web site:  www.overtimesuit.com.  For further information on how to complete the form, you can contact the Claims Administrator at the following telephone number:  1(866) 345-0361.

**4.    Can I submit a claim form on behalf of a deceased person or in another representative capacity?**

Unfortunately, due to the nature of this settlement, a claim form may be submitted only by a qualified claimant.  People cannot submit claim forms on behalf of others.

**5.    Who is the Claims Administrator?**

A "Claims Administrator" in a class action lawsuit is a company hired to attend to the administrative details of the settlement, including sending and collecting claims forms, and distributing settlement payments.  In this case, the Claims Administrator is:  The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**6.    What happens if you make a claim?**

Under the terms of the Settlement Agreement, you can apply for a payment of either $20.00 or $30.00 for each year you received a performance bonus and also worked five or more hours of overtime during the preceding year.  For example, if you worked five or more hours of overtime in 1998 and received a performance bonus for that year (during rate review in early 1999), you would be eligible to make a claim for 1998.  (The reason for this requirement is that minimal amounts of overtime can be considered too small to require compensation, and so that people who have only minimal amounts of Unpaid Overtime do not exhaust the settlement fund.)

Whether the amount of the claim per year is either $20.00 or $30.00 for certain years depends upon whether you previously opted into this lawsuit.  The Fair Labor Standards Act provides for additional damages under certain circumstances.  Only those who opted in to the case are entitled to these higher amounts.  You will not have to make this determination; the Claims Administrator will determine whether you opted-in.

*To obtain a settlement payment, you must complete a Proof of Claim for Subclass B.  This form is attached to the end of the package.*

**7.     What happens if the total amount of claims exceeds $425,000.00?**

If the total amount of claims exceeds $425,000.00 (plus accrued interest), all amounts will be reduced pro rata.

**8.     What happens if money remains after all settlement payments are made?**

Any portion of the settlement payments either not claimed by the Class Members or not paid by the Settlement Administrator remain the property of Kodak and will revert to Kodak.

**9.     What is the deadline for filing a Proof of Claim?**

*\*\*\*All Proofs of Claim must be submitted by **October 11, 2006**, unless this date is extended by the Court.  If you do not submit your Proof of Claim by this date, you will not be eligible to share in the proceeds of this settlement.\*\*\**

**10.     Will taxes be withheld from your settlement payment?**

The Claims Administrator will make normal tax deductions and withholdings (including the employer's share of any taxes) from those portions of the settlement payments that are paid to you.  Fifty percent of any payment to you will be deemed to be payments to compromise damages attributable to liquidated damages and interest and will not be deemed as wages for the purposes of taxes or withholding.  The remainder of the payment will be treated as wages for the purposes of taxes and withholding.  Kodak will not be responsible for the payment or the satisfaction of any tax liabilities or liens associated with such payments.  If you have any questions about the tax implications of a payment, you may want to consult a tax professional.

**11.     What if you signed a Termination Allowance Plan ("TAP") Agreement?**

This will not affect your ability to submit a claim or share in the proceeds of this settlement.  The Court has ruled that nonexempt employees who signed Termination Allowance Plan ("TAP") Agreements may join this lawsuit and that Kodak may not seek the return of, nor discontinue, benefits payable to them under TAP agreements.

**12.     What if you are still employed by Kodak?**

The Fair Labor Standards Act prohibits an employer from discriminating against or retaliating against you if you choose to take part in this case.

**13.     What should I know about the attorneys' fees and costs in this case?**

Plaintiffs' counsel intends to apply for a total of $4,000,000.00 in attorneys' fees, as well as to cover disbursements incurred in connection with the prosecution of this action.  This amount covers claims for Subclasses A and B.  Of this amount, $300,000.00 is allocated to counsels' obtaining the prospective relief described in paragraph 1 of this section.  The remaining $3,700,000.00 in fees and costs amount to approximately 26.5 percent of the total settlement fund.

Plaintiffs' counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of this litigation in the expectation that if they were successful in obtaining a recovery for the class, they would be paid from it.  In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

**14.     What if you do nothing?**

If you do nothing, you will not share in the proceeds in this settlement.  But, unless you have excluded yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Kodak concerning the legal issues in this case.

**THE COURT'S HEARING TO APPROVE THE SETTLEMENT**

**1.    When and where will the Court hearing be?**

The Court will hold a hearing to decide whether to approve this settlement.  This is called the Fairness Hearing.  You may attend and you may ask to speak at the hearing, but you don't have to.  The Court will hold the Fairness Hearing at 10:00 a.m., on October 25, 2006.  It will be before Hon. Michael J. Telesca in Courtroom 1 of the United States Courthouse, 100 State St., Rochester, New York 14614.

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  It will also consider whether the plan of allocation for the proceeds is fair and reasonable, and whether the Plaintiffs' attorneys' fees and reimbursement of expenses is fair and reasonable.  This hearing may be adjourned from time to time without further written notice to you.  If you plan to attend the hearing, you should confirm the date and time with the litigation website – www.overtimesuit.com.

**2.    Do you have to come to the hearing?**

You do not have to attend the hearing or take any other action to indicate your approval of the settlement.  The attorneys will answer any questions the Court may have.  But you can attend at you own expense if you want to.  You may also pay your own lawyer to attend or talk about your objections, but that is not necessary either.

**3.    Can you or your attorney speak at the hearing?**

You or your attorney may ask for permission to speak at the hearing.  To do so, on or before **October 11, 2006**, you or your attorney must:  (a) file with the Clerk of the Court notice of your intent to appear, provide a statement that indicates your basis for opposition to the settlement, provide any documentation in support of the objection, provide the identity of any witnesses you may call to testify along with any exhibits you intend to introduce, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak.  The addresses of these attorneys are in the contact information at the end of this package.

**4.    Can I send in written objections?**

In lieu of speaking at the hearing, you can file written objections with the Clerk of the Court.  To do so, on or before **October 11, 2006**, you or your attorney must:  (a) file with the Clerk of the Court a statement that indicates your basis for opposition to the settlement and provide any documentation in support of the objection, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak.  The addresses of these attorneys are in the contact information at the end of this package.

**GETTING MORE INFORMATION**

**1.    How can you get more information about the settlement or ask questions about this notice?**

This notice summarizes the proposed settlement.  More details are in the Settlement Agreement.  You can review the Settlement Agreement by visiting the Office of the Clerk during regular business hours at the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

If you have questions about this notice, the settlement, or submitting a claim, you may consult the web site www.overtimesuit.com.  If, after consulting the web site, you still need assistance you may call 1(866) 345-0361.  If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370.

**2.** **Where can you inspect the Settlement Agreement and other documents related to this case?**

You can inspect the Settlement Agreement, pleadings, stipulations, Orders, and other papers filed in this action during regular business hours at the Office of the Clerk of the Court of the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

**3.** **Where can you obtain information about the final approval of this settlement?**

No additional information will be mailed pertaining to the final approval of this settlement. Please consult the litigation web site (www.overtimesuit.com) to obtain such information.

**CONTACT INFORMATION**

**1.** **Who are the Plaintiffs' attorneys and what is their address?**

The plaintiffs' counsel are Mark Hannabury, Esq. and Charles W. Rogers, Esq. of the Law Offices of Charles W. Rogers, 45 Exchange St., Suite 825, Rochester, NY 14614.

**2.** **Who are Kodak's attorneys and what is their address?**

Kodak's attorneys are Todd R. Shinaman, Esq. and Jocelyn Torres, Esq. of Nixon Peabody LLP, 1100 Clinton Square, Rochester, NY 14603.

**3.** **Who is the Claims Administrator and what is their address?**

The Claims Administrator is: The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**4.** **What is the Address for the Clerk of the Court?**

The Clerk of the Court's address is: Clerk of the Court, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

**Must be Postmarked
No Later Than:
October 11, 2006**

**In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6458
Merrick, NY 11566-9000
1(866) 345-0361
www.overtimesuit.com**



KOD-B

## CLAIMANT IDENTIFICATION:

Claim Number: 9000403        Control Number: 1241386528

X X
X
X, NV 00000

WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:*

Name:

Address:

City/State:

Zip Code:

*IF THE ABOVE AREA IS UNDERLINED BLANK, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE*  ➡

**Please fill in Social Security Number/
Taxpayer ID Number if box is blank:**

**Evening Telephone Number: (      )      -**

**Daytime Telephone Number: (      )      -**

**Email Address:**

### PROOF OF CLAIM SUBCLASS B

DEADLINE FOR SUBMISSION: **OCTOBER 11, 2006**

IF YOU WORKED FOR KODAK IN NEW YORK STATE AT ANY TIME SINCE APRIL 11, 1996, AND YOU RECEIVED A PERFORMANCE BONUS AND WORKED OVERTIME IN THE CALENDAR YEAR PRIOR TO RECEIPT OF THE BONUS, YOU ARE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS FROM SETTLEMENT IN THIS LITIGATION. (EXCLUDED FROM THE CLASS ARE ALL PERSONS WHO PREVIOUSLY FILED A REQUEST FOR EXCLUSION)

IN ORDER TO BE ELIGIBLE TO RECEIVE ANY SHARE OF THE NET SETTLEMENT FUNDS, YOU MUST BE A CLASS MEMBER AND YOU MUST COMPLETE, SIGN AND SUBMIT A PROOF OF CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN **OCTOBER 11, 2006** TO THE FOLLOWING ADDRESS:

In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6458
Merrick, NY 11566-9000

YOUR FAILURE TO SUBMIT YOUR CLAIM BY **OCTOBER 11, 2006** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT IN THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.



**INSTRUCTIONS**

For each year that you believe that you received a performance bonus and worked five or more hours of overtime in the previous calendar year, check the appropriate box.

If a review of records determines that you were not a non-exempt employee working in New York State for Eastman Kodak Company or did not receive a lump sum performance bonus for the years identified, you will not receive a payment for such years.

**STATEMENT OF CLAIM**

1.    I did work for the Eastman Kodak Company in New York State in one or more years since April 11, 1996 and was classified as a non-exempt employee.

2.    I have set forth where requested below the information with respect to each year when I  received a performance bonus and I worked five or more hours of overtime during the previous calendar year.

3.    I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct and I agree to cooperate in any such verification.

**Check only one box per year**

| | I received a performance Bonus during this year and worked five or more hours of overtime in the previous calendar year. |
|---|---|
| 1996 | ❏ |
| 1997 | ❏ |
| 1998 | ❏ |
| 1999 | ❏ |
| 2000 | ❏ |
| 2001 | ❏ |
| 2002 | ❏ |
| 2003 | ❏ |
| 2004 | ❏ |
| 2005 | ❏ |
| 2006 | ❏ |

I affirm that the information contained in this Proof of Claim is true and accurate to the best of my knowledge and recollection. I understand that it is permissible for me to estimate to the best of my recollection.  However, I also understand that any willful or pur-poseful misstatements may be punishable under state and federal law.

_____          _____
Signature                                                            Date

Exhibit D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**William Robinson, Emmett Peters & Joy Josefovicz,**
                                        Plaintiffs,

            v.                                    02-CV-6204(T)

**Eastman Kodak Company,**
                                        Defendant.

<u>**AFFIDAVIT OF THOMAS V. RUNCO**</u>

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF SUFFOLK    )

I, THOMAS V. RUNCO, being duly sworn, deposes and says:

1.      I am a Senior Project Manager of Operations for The Garden City Group, Inc. ("GCG"), a company located in Melville, New York which specializes in class action settlement administration. I have personal knowledge of the facts stated herein.

2.      GCG has been the settlement administrator in hundreds of class action cases in the antitrust, victim's rights, insurance, securities, and consumer fraud contexts. Recent cases we have handled include the <u>Indirect Vitamins Antitrust Litigation</u>, the <u>Non-Starlink Farmers Litigation</u>, and the <u>Total Loss Class Action Settlement.</u>

3.      GCG was selected by the parties to act as administrator of the settlement in the above-captioned action (the "Settlement"). In connection with this role, and pursuant to the Class Action Settlement Agreement (hereinafter the "Settlement Agreement"), GCG's responsibilities have included: (1) launching an informational website for Class Member inquiries; (2) establishing a toll-free telephone helpline with live operator support to provide information about the Settlement to Class Members; (3) formatting, printing and mailing the Subclass A and Subclass B Notices of Class Action Settlement along

with Proof of Claim Forms ("Notice Packets") to potential Class Members; (4) renting a post office box to receive Claim Forms, and other communications regarding the Settlement; and (5) receiving, reviewing, and processing Claim Forms, and other communications regarding the Settlement. Samples of the Notice Packets which were mailed to potential Class Members are attached hereto as Exhibit A.

4.    With respect to the mailing, Plaintiffs' counsel provided GCG with an Excel file containing the names and addresses of 25,891 potential Class Members.

5.    On August 28, 2006, GCG prepared and transmitted a mailing file to Rolls Offset, the printing and mailing vendor chosen by GCG to disseminate the Notice Packets.

6.    On September 1, 2006, Rolls Offset, at the direction of GCG, mailed a copy of the Subclass A Notice Packet by First Class Mail to each of the 25,891 potential Class Members, additionally 14,433 of these potential Class Members were also mailed a copy of the Subclass B Notice Packet (the "Initial Mailing").

7.    To assist potential Class Members, GCG established a toll-free Helpline using an Interactive Voice Response system ("IVR"), which was designed with a script approved by both Plaintiffs' and Defendants' Counsel. The IVR provides several options to the caller, including: (1) an overview of the Settlement; (2) information concerning the rights of the Class Members; (3) information concerning the Fairness Hearing; (4) information about the Settlement website; (5) a mechanism to request that a Notice Packet be mailed to them; and (6) the ability to speak with live operator support.(7) the ability to contact the Plaintiffs Attorneys directly  As of October 14, 2006, the Helpline has received a total of 979 calls, of which 421 were calls  for a live operator.

8.    GCG also deployed a website, www.overtimesuit.com (the "Settlement Website"), which allows website visitors to: (1) view questions and answers regarding the Settlement; (2) access their personal

employment information; and (3) view the Subclass A and Subclass B Notices. In addition, the Settlement Website allows visitors to download a personalized Subclass A or Subclass B Claim Form. The Settlement Website includes directions for contacting GCG through its mailing address and toll-free telephone number. As of October 14, 2006, the Settlement Website has received a total of 1,332 "hits" to the home page. As of October 14, 2006, a total of 398 individuals registered and downloaded personalized Claim Forms.

9.  As of October 14, 2006, a total of 2,193 Notice Packets have been returned to GCG by the USPS with forwarding addresses, and were subsequently re-mailed via First Class Mail to the Class Members. As of October 14, 2006, 2,890 Notice Packets have been returned to GCG by the USPS as undeliverable mail, with no forwarding address information. GCG ran the file of these 2,890 undeliverable names and addresses through the National Change of Address ("NCOA") database to obtain the most recent address information from the United States Postal Service ("USPS").  A total of 762 updated addresses were located as a result of the NCOA Search.  GCG then downloaded the updated address information into the database established specifically for this Settlement.  Notice Packets were subsequently re-mailed via First Class Mail to these Class Members.

10.  As of October 16, 2006, GCG has received 1,763 Subclass A Claim Forms and 2,334 Subclass B Claim Forms.

11.  As of October 16, 2006, GCG has not received any objections from Class Members to the Settlement.

_____

THOMAS V. RUNCO

Sworn to before me this
16th day of October, 2006

_Karen L. Wenzel_
NOTARY PUBLIC

KAREN L. WENZEL
NOTARY PUBLIC, State of New York
No. 01WE8786775
Qualified in Nassau County
Commission Expires January 31, 200 7

4

Exhibit A

## SUMMARY OF THE KEY POINTS OF ATTACHED NOTICE FOR SUBCLASS A

**THIS IS A SUMMARY OF THE KEY POINTS OF THE ENCLOSED NOTICE. ULTIMATELY ALL TERMS AND CONDITIONS OF THE SETTLEMENT ARE GOVERNED BY THE ENCLOSED NOTICE AND THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES. YOU ARE ENCOURAGED TO READ THIS SUMMARY AND THE COMPLETE NOTICE TO ANSWER QUESTIONS YOU MAY HAVE ABOUT THE PROPOSED SETTLEMENT OF A CLASS ACTION PENDING IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK BEFORE THE HONORABLE MICHAEL A. TELESCA, UNITED STATES DISTRICT JUDGE, ENTITLED:**
**ROBINSON, ET AL. v. EASTMAN KODAK COMPANY**
**02-CV-6204T**

### THIS IS A FEDERAL COURT AUTHORIZED NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

☐ A settlement has been proposed in a class action lawsuit filed by some former Kodak employees against Eastman Kodak Company (Kodak) claiming that Kodak improperly gave hourly employees "comp time" instead of paying them money for overtime hours worked, and also failed to pay some hourly employees for all the overtime hours they worked. There are other claims in this lawsuit concerning the way in which Kodak calculated overtime pay for hourly employees who received performance bonuses. In addition to this notice, you may also receive a separate notice (entitled "Notice for Subclass B") concerning the settlement of claims relating to overtime calculations for hourly employees who received performance bonuses.

☐ Under the terms of this proposed settlement, Kodak will provide payments to qualified class members who worked for Kodak and were classified by Kodak as nonexempt (hourly) employees in New York State at any time since April 11, 1996. You may be entitled to share in the proposed settlement if you qualify as a class member as explained in the attached notice.

☐ If you qualify as a class member, you must complete and send in a Claim Form in order to receive payment. You may also elect to do nothing and receive no payment. A Claim Form is attached to the end of the enclosed notice. Even if you complete and send in a Claim Form, you may still object to the terms of this settlement if you wish.

☐ This proposed settlement resolves this lawsuit and will affect your legal rights. It provides payments to those who are qualified under the terms of the settlement, and releases Kodak from further liability to all members of the class.

☐ If you are still a Kodak employee, submitting a Claim Form <u>will not</u> affect or jeopardize your job in any way whatsoever.

☐ The lawyers for the employees (and former employees) will ask the Court to approve the settlement, which includes payment of their fees and expenses for investigating the facts and the law, for litigating this case since 2002, and for negotiating this settlement. They will have continuing responsibility to implement the settlement beyond Court approval. Kodak has agreed to pay these attorneys' fees and expenses as part of the settlement.

☐ The Court has not resolved the merits of the claims or defenses in this lawsuit, and Kodak denies that it has committed any wrongdoing whatsoever.

☐ Both sides do agree that settling this case on the terms and conditions negotiated (which are subject to approval by the Court) is beneficial to all parties because continued litigation would be costly and time consuming and the outcome would be uncertain.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

☐ Your legal rights are affected whether or not you act. Read the enclosed notice carefully.

- If you want to participate in receiving proceeds from this settlement, you must submit a completed Claim Form by no later than **October 11, 2006**.

- If you do not submit a Claim Form (or if you miss the deadline) you will not be able to participate in receiving proceeds from this settlement.

Subclass A

- If you wish to object to the terms of the settlement, you must write to the Court and express your reasons why you do not agree with the settlement. If you submit a written objection, you may also ask to speak to the Court about the fairness of the settlement (either personally or through an attorney hired by you) at the Fairness Hearing to be held by the Court for purposes of determining whether or not this settlement is fair.

☐  Your rights and options and your deadlines for acting under the terms of the settlement are all explained in the attached notice.

☐  Payouts from the settlement funds will not be made or authorized unless and until the Court approves the settlement and any appeals are resolved.

☐  What if you do nothing? If you do nothing, you will not share in the proceeds of this settlement. Also, unless you have previously excluded yourself from the class by opting out, you won't be able to start a separate lawsuit against Kodak concerning the legal issues in this case.

### If you need help concerning this notice and placing a claim

☐  If you need help or explanation concerning this notice on how to submit a claim, you may consult the web site www.overtimesuit.com. If, after consulting the web site, you still need assistance you may call 1(866) 345-0361. If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370. You may also e-mail us with questions at backpay@rochester.rr.com. **Do Not Call The Court.** All questions are to be directed to the web site or to the call center.

☐  **When and where the Court hearing will be held**: This Court will hold a Fairness Hearing to decide whether to approve this settlement. You need not attend the hearing in order to make a claim. If you choose to appear, you must submit a written objection on or before **October 11, 2006**. The hearing will be held at 10:00 a.m. on October 25, 2006 before the Honorable Michael A. Telesca in Courtroom 1, United States Courthouse, 100 State Street, Rochester, New York 14614.

ALL OF THE ABOVE IS SO ORDERED.

Michael A. Telesca
United States District Judge

DATED:    August 23, 2006
          Rochester, New York

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

William Robinson, Emmett Peters & Joy Josefovicz,

                              Plaintiffs,

        v.                                            02-CV-6204(T)

Eastman Kodak Company,

                              Defendant.

<u>NOTICE FOR SUBCLASS A</u>

**BASIC INFORMATION**

**1.**     <u>Why did you get this notice package?</u>

You received this notice package because Kodak records indicate that you currently work for, or previously worked for, Kodak and were classified by Kodak as a nonexempt employee in New York State at some time since April 11, 1996. (For the purposes of this notice, a nonexempt employee is one who is paid hourly.) Also, in response to a previous notice sent out in this case, you did not indicate that you wanted to be excluded from this case (you did not "opt out").

You also received this package because you have a right to know about the proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, an administrator appointed by the Court will process Claims Forms from current or former employees like you so that, after any objections and appeals are resolved, you can receive proceeds from this settlement.

This package explains the lawsuit, the settlement, your legal rights, what settlement proceeds are potentially available to you, who is eligible for the proceeds, and how to get them.

The Court in charge of this case is the United States District Court for the Western District of New York, and this case is *Robinson et al. v. Kodak,* Civil Action No. 02-CV-6204. The people who sued are the Plaintiffs, and Kodak is called the Defendant.

**2.**     <u>What is this lawsuit about?</u>

There are two parts to this lawsuit. This notice only concerns the first part. The issue in the first part is whether Kodak failed to properly pay overtime to nonexempt employees who worked overtime in New York State since April 11, 1996. The Plaintiffs claim that Kodak improperly provided "Comp Time" in lieu of paying money. The Plaintiffs also claim that Kodak failed to pay nonexempt employees when they worked overtime. Kodak disagrees.

(The second part of this lawsuit is addressed in a separate notice that you may or may not receive. The issue in the second part is whether Kodak properly calculated overtime payments for nonexempt employees who received performance bonuses and worked overtime in the previous calendar year). For more information about the procedural background to the lawsuit please consult the litigation web site www.overtimesuit.com.

**3.**     <u>What is "Comp Time"?</u>

One aspect of this lawsuit concerns "Comp Time." This is time off given in exchange for working more than a total of 40 hours *in a different work week*. In the context of this settlement, Comp Time Hours means Comp Time that you *actually used*. It may have been used at an hour for hour rate or an hour and a half for an hour rate. *Comp Time is not flex time.* Unlike Comp Time, flex time occurs when you work beyond your normally scheduled hours on one day and take time off in exchange *during the same work week.* Only Comp Time Hours that are taken in different work weeks can be compensated.

**4.     What are "Unpaid Overtime Hours"?**

Another aspect of this lawsuit concerns "Unpaid Overtime Hours." Overtime hours are hours worked in excess of 40 in a single work week. Overtime is *not* computed on a daily basis. Unpaid Overtime Hours are overtime hours for which you did not receive Comp Time or overtime pay. If you were supposed to receive Comp Time but did not for some reason, this also counts as Unpaid Overtime Hours.

**5.     Why is this a class action, and what are Subclass A and Subclass B?**

In a class action, one or more people called the Class Representatives (in this case, William Robinson, Emmett Peters and Joy Josefovicz) sue for all the people who have similar claims. All these people are a Class or Class Members. The Class or Class Members in this lawsuit are divided into two parts: Subclass A and Subclass B.

This notice only concerns members of Subclass A(1), which consists of people who worked for Kodak and were classified by Kodak as nonexempt employees in New York State at any time since April 11, 1996, and who:

      o   received Comp Time (as defined above) for working overtime

      **OR**

      o   worked overtime (as defined above) but were not paid for this work.

This Notice does not concern putative Subclass A(2) which consists of technologists classified by Kodak as exempt employees.

(Members of Subclass B are people who worked for Kodak and were classified by Kodak as nonexempt employees in New York State since April 11, 1996, and who received performance bonuses and worked overtime in the previous calendar year. A separate notice will be sent to individuals who fall into this group.)

One court (in this case, the United States District Court for the Western District of New York) decides the issues for all Class Members, except for those who previously excluded themselves from the Class.

**6.     Why is there a settlement?**

The Court did not decide which side – the Plaintiffs or Kodak – was right. There was no trial. Instead, both sides agreed to this settlement. That way, they avoid the costs and risks of a trial, and many of the people affected will get payments for the alleged overtime. If there had been a trial, the Plaintiffs believe that the current and former employees may have gotten more if they won, but they also would have gotten nothing if they lost. Kodak has denied that it has committed any wrongdoing whatsoever. Accordingly, the Class Representatives and attorneys think the settlement is best for all Class Members. For more information concerning the factual and legal issues that were taken into consideration in reaching this settlement please consult the litigation web site www.overtimesuit.com.

**WHO IS IN THE SETTLEMENT?**

**1.     How do I know if I am part of this settlement?**

The Court has decided that the following people are Members of Subclass A(1):  *All persons who worked for Kodak in New York State and were classified by Kodak as nonexempt employees since April 11, 1996, and who worked overtime but were not promptly paid in cash or cash equivalent for overtime worked.*  Unless you previously excluded yourself from Subclass A, current and former Kodak employees who fall into Subclass A(1) are part of this settlement.

(This notice only concerns Members of Subclass A(1). Members of Subclass B will receive a separate notice.)

**THE TERMS OF THE PROPOSED SETTLEMENT AND WHAT YOU MAY BE ENTITLED TO**

**1.     What are the terms of the proposed settlement?**

To settle this case, the parties propose that Kodak pay $13,925,000.00 in cash into a Total Settlement Fund, and to distribute the money from this fund as follows:

    a. $9,500,000.00 will be used to satisfy Subclass A claims (which are subject of this notice) and associated administration expenses;

    b. $425,000.00 will be used to satisfy Subclass B claims (which are the subject of a separate notice) and associated administration expenses;

    c. $4,000,000.00 will be used to pay plaintiff's attorneys fees and disbursements;

    d. The named representatives Peters and Josefovicz will receive $6,000 each and named representative Robinson will receive $12,000 from the appropriate subclass amounts described in paragraphs a. and b. for their efforts and assumptions of risk associated with bringing these actions on behalf of the class.

In addition to the money, Kodak has also agreed to discontinue using "Comp Time" as of 2002, unless the law changes to permit private employers to use it. Kodak further agrees to maintain a process by which employees may check time records reflecting the number of hours in each workweek that will be used to calculate their pay.

The settlement will result in the dismissal of this action and the release of the claims as set forth in the settlement agreement for all Subclass A1 class members. In short, if the Court approves this settlement, all Class Members will release the claims that are the subject of this lawsuit.

**2.**     **How will the $9,500,000.00 earmarked for Subclass A(1) claims be distributed?**

The $9,500,000.00 earmarked for Subclass A (1) claims (plus any interest that accrues on this amount) will be distributed to members of Subclass A who: (1) had at least 5 Comp Time Hours, 5 Unpaid Overtime Hours, or some combination of 5 Comp Time and Unpaid Overtime Hours during any one or more years since April 11, 1996, and (2) submit an acceptable Proof of Claim. (The terms "Comp Time" and "Unpaid Overtime Hours" are defined above.) Members of Subclass A(1) who satisfy both of these conditions are called Qualified Claimants. Members of Subclass A(1) who cannot, or do not, satisfy both of these conditions are not Qualified Claimants and will not receive proceeds from this fund.

**3.**     **Why is there a 5-hour requirement to be a Qualified Claimant?**

As stated in paragraph 2, to be eligible to make a claim, you must have had at least 5 Comp Time Hours, 5 Unpaid Overtime Hours, or some combination of 5 Comp Time and Unpaid Overtime Hours in a particular year. (The reason for this requirement is that minimal amounts of overtime can be considered too small to require compensation, and so that people who have only minimal amounts of Unpaid Overtime do not exhaust the settlement fund.)

**4.**     **How do you make a claim for a payment from the $9,500,000.00 fund?**

To make a claim for proceeds from the $9,500,000.00 fund earmarked for Subclass A, you must complete and submit a Proof of Claim Form to the Claims Administrator on or before **October 11, 2006**. *If you are a Qualified Claimant (as defined in paragraph 2 above), you will have to choose one of two options.* First, you can apply to what is called "Fund 1" for a payment of a set amount per each year with 5 or more hours of Comp Time or Unpaid Overtime. Second, you may choose instead to go through a longer process of applying to what is called "Fund 2" for a greater amount per year. You must choose one fund or the other for all years, and you cannot make a claim to both funds even for different years. *In short, if you make a claim against Fund 1, you are precluded from making a claim against Fund 2 (and vice versa).* Both funds are described in more detail below.

**5.**     **Can I submit a claim form on behalf of a deceased person or in another representative capacity?**
Unfortunately, due to the nature of this settlement, a claim form may be submitted only by a Qualified Claimant. People cannot submit claim forms on behalf of others.

**6.**     **Why are there two different funds?**

The settlement gives Qualified Claimants a choice. There is a relatively quick and easy way to claim a set amount for years with five or more hours of comp time or unpaid overtime. Alternatively, Qualified Claimants may seek greater amounts by way of a somewhat more complicated and lengthy process.

**7.    Who is the Claims Administrator?**

A "Claims Administrator" in a class action lawsuit is a company hired to attend to the administrative details of the settlement, including sending and collecting claims forms, and distributing settlement payments. In this case, the Claims Administrator is: The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**8.    What happens if you make a claim against Fund 1?**

If you are a Qualified Claimant and choose to make a claim against Fund 1, you will be applying for the following set amounts:

- ■ $150 per year for Comp Time Hours (as defined on pages 1-2) that were used. If you previously sent in an opt-in form, this amount will increase to $250 for opt-in years;

    **OR**

- ■ $250 per year for Unpaid Overtime Hours (as defined on page 2). If you previously sent in an opt-in form, this amount will increase to $350 for opt-in years.

The $100 increase in the yearly amount above is called an "opt-in premium". This is provided for people who previously chose to opt-in for certain years. The Fair Labor Standards Act provides for additional damages under certain circumstances. Only those who opted in to the case are entitled to these higher amounts. You will not have to make this determination; the Claims Administrator will determine whether you opted-in.

Payments from Fund 1 are expedited, and will be made within 90 days after the time for appeal has run (or after all appeals are finalized) for the Court's Order approving the Settlement. Because this date is not yet known, please be patient. Please note: *You may claim from Fund 1 or Fund 2, but not both.*

*To obtain a settlement payment from Fund 1, you must complete a Proof of Claim for Fund 1. This form is attached to the end of the package.*

**9.    What happens if you make a claim against Fund 2?**

If you are a Qualified Claimant and wish to claim more than is provided by Fund 1, you can make a claim against Fund 2. Unlike Fund 1 claims, Fund 2 claims will be reviewed by Kodak prior to payment and will likely take longer to process. Kodak also has the right to challenge Fund 2 claims as described below. Please note: *You may claim from Fund 1 or Fund 2, but not both.*

To apply to Fund 2, you will have to determine approximately how many hours of compensable overtime you have since April 11, 1996. You must then approximate how much of this time was Comp Time that was used and how much was Unpaid Overtime Hours.

As in Fund 1, if you previously sent in an opt-in form, you will be eligible for an "opt-in premium". In the case of Fund 2, however, this premium is calculated on an hourly basis, as described below. You do not have to make this determination; the Claims Administrator will determine whether you opted-in.

If you choose to make a claim against Fund 2, you will be eligible for the following amounts:

- ■ *For Opt-in Years.* You may claim $7.50 per hour for Comp Time that was used and $25 per hour for Unpaid Overtime Hours (as defined above).

    **OR**

- ■ *For Other (Non Opt-in) Years:* You may claim $5.00 per hour for Comp Time that was used and $20 per hour for Unpaid Overtime Hours (as defined above).

Any claims you make against Fund 2 are subject to the following caps:

- *Per Year Cap* – $750 per year for regular years and $1,000 per year for opt-in years

   **AND**

- *Total Cap* – $5,000 total cap for all years or $6,000 for individuals whose claims include opt-in years.

Please note that these caps could be reduced if the total claims exceed the settlement funds. This is described below.

Kodak must identify which Fund 2 claims it objects to within 90 days from the time for appeal has run (or after all appeals are finalized) for the Court's Order approving the Settlement. Within that 90-day period, Kodak can notify the Claims Administrator that it intends to make a counteroffer to the Plaintiffs and to present a basis for its counteroffer. Alternatively, it may notify the Claims Administrator that it intends to contest the claim. The Claims Administrator will notify the claimant of the counteroffer or of the contest and of the reasons for it.

Claimants may accept the counteroffer, if any, within 20 days after the date it is sent; otherwise, the claim will become a contested claim.

All contested claims will be referred to an individual appointed by the Court, called a Special Master. The Special Master will review the contested claims and set up a process to resolve the contested claims. The Special Master may approve of the claim in its entirety, reject the claim in its entirety (in which case the claimant will receive nothing) or approve only a portion of the claim.

The Special Master, through the Claims Administrator, will notify the claimants as to how to proceed regarding contested claims.

Fund 2 claims that are not contested will be paid as soon as practicable. This will depend, in large part, on whether the total amount of claims exceeds the portion of the settlement fund that is allocated to Fund 2. If the total amount of the claims exceeds the Fund 2 allocation, no Fund 2 claims can be paid until all of the contested claims are resolved. It is difficult to predict how long this could take. It could take a year or longer. Please be patient.

   *To obtain a settlement payment from Fund 2, you must complete a Proof of Claim for Fund 2. This form is attached to the end of the package.*

**10.    How will the $9,500,000.00 fund be divided between Fund 1 and Fund 2?**

The $9,500,000.00 settlement amount (plus any accrued interest) earmarked for Subclass A is called the Net Settlement Fund. This will be divided between Fund 1 and Fund 2. The Claims Administrator will determine how the Net Settlement Fund will be allocated between Fund 1 and Fund 2 after all of the claims have been received. The Administrator will total the amount claimed against both funds. If the combined total for both funds does not exceed the Net Settlement Fund, then Fund 1 claims will be paid in full and Fund 2 claims will be processed. If the combined total amount exceeds the Net Settlement Fund, then the Net Settlement Fund will be divided between Fund 1 and Fund 2 in the same proportion as the total amount claimed against each fund.

**11.    What happens if money remains after all settlement payments are made?**

Any portion of the settlement payments either not claimed by the Class Members or not paid by the Settlement Administrator remain the property of Kodak and will revert to Kodak.

**12.    How do you file a claim?**

To file a claim, you must complete a Proof of Claim form for the fund that you are filing against. That means – to file a claim – you must complete and file *either* a Proof of Claim for Fund 1 *or* a Proof of Claim for Fund 2. *You must choose one or the other, and cannot file both.* Both forms are located at the end of this package.

Both Proof of Claim forms require a signed statement that you worked five or more hours per year of Comp Time, or Unpaid Overtime Hours, in one or more years during the Class Period. Claims made against Fund 2 require a more detailed Proof of Claim than those made against Fund 1.

Neither fund requires that you produce documentation that you worked the Comp Time or Unpaid Overtime Hours if none exists. However, claims made against Fund 2 do require you to produce relevant documentation that you may possess.

It is understood that you may not have a precise recollection of exactly how many overtime hours you worked, or when you worked them. With this in mind, you are asked to make a good-faith attempt to estimate the Comp Time and Unpaid Overtime Hours as accurately as possible.

To assist you in completing the forms, the Claim Administrator will provide information pertaining to the years of your employment (and other information) on the following web site: www.overtimesuit.com. For further information on how to complete the form, you can contact the Claims Administrator at the following telephone number: 1(866) 345-0361.

### 13.    What is the deadline for filing a Proof of Claim?

***All Proofs of Claim must be submitted by **October 11, 2006**, unless this date is extended by the Court. If you do not submit your Proof of Claim by this date, you will not be eligible to share in the proceeds of this settlement.\*\*\*

### 14.    Will taxes be withheld from your settlement payment?

The Claims Administrator will make normal tax deductions and withholdings (including the employer's share of any taxes) from portions of the settlement payments that are paid to you. Fifty percent of any payment to you will be deemed to be payments to compromise damages attributable to liquidated damages and interest and will not be deemed as wages for the purposes of taxes or withholding. The remainder of the payment will be treated as wages for the purposes of taxes and withholding. Kodak will not be responsible for the payment or the satisfaction of any tax liabilities or liens associated with such payments. If you have any questions about the tax implications of a payment, you may want to consult a tax professional.

### 15.    What if you signed a Termination Allowance Plan ("TAP") Agreement?

This will not affect your ability to submit a claim or share in the proceeds of this settlement. The Court has ruled that nonexempt employees who signed Termination Allowance Plan ("TAP") Agreements may join this lawsuit and that Kodak may not seek the return of, nor discontinue, benefits payable to them under TAP agreements.

### 16.    What if you are still employed by Kodak?

The Fair Labor Standards Act prohibits an employer from discriminating against or retaliating against you if you choose to take part in this case.

### 17.    What should you know about Subclass B?

This notice package only pertains to Subclass A (as defined above). Subclass B claims concern allegations of small underpayments of overtime as a result of Kodak allegedly not including certain bonus payments in the overtime calculation. Individual members of Subclass B will receive a separate notification. Even if you are a member of Subclass A, you may also be a member of Subclass B and eligible for additional settlement proceeds.

### 18.    What should I know about the attorneys' fees and costs in this case?

Plaintiffs' counsel intends to apply for a total of $4,000,000.00 in attorneys' fees as well as to cover disbursements incurred in connection with the prosecution of this action. Of this amount, $300,000.00 is allocated to counsels' obtaining the prospective relief described in paragraph 1 of this section. The remaining $3,700,000.00 in fees and costs amount to approximately 26.5 percent of the total settlement fund.

Plaintiffs' counsel expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and advanced the expenses of this litigation in the expectation that if they were successful in obtaining a recovery for the class, they would be paid from it. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

19.    **What if you do nothing?**

If you do nothing, you will not share in the proceeds in this settlement. But, unless you have excluded yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Kodak concerning the legal issues in this case.

## THE COURT'S HEARING TO APPROVE THE SETTLEMENT

1.    **When and where will the Court hearing be?**

The Court will hold a hearing to decide whether to approve this settlement. This is called the Fairness Hearing. You may attend and you may ask to speak at the hearing, but you don't have to. The Court will hold the Fairness Hearing at 10:00 a.m., on October 25, 2006. It will be before Hon. Michael J. Telesca in Courtroom 1 of the United States Courthouse, 100 State St., Rochester, New York 14614.

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. It will also consider whether the plan of allocation for the proceeds and the Plaintiffs' attorneys' fees and reimbursement of expenses is fair, reasonable, and adequate. This hearing may be adjourned from time to time without further written notice to you. If you plan to attend the hearing, you should confirm the date and time with the litigation web site – www.overtimesuit.com.

2.    **Do you have to come to the hearing?**

You do not have to attend the hearing or take any other action to indicate your approval of the settlement. The attorneys will answer any questions the Court may have. But you can attend at you own expense if you want to. You may also pay your own lawyer to attend or talk about your objections, but that is not necessary either.

3.    **Can you or your attorney speak at the hearing?**

You or your attorney may ask for permission to speak at the hearing. To do so, on or before **October 11, 2006,** you or your attorney must: (a) file with the Clerk of the Court notice of your intent to appear, provide a statement that indicates your basis for opposition to the settlement, provide any documentation in support of the objection, provide the identity of any witnesses you may call to testify along with any exhibits you intend to introduce, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak. The addresses of these attorneys are in the contact information at the end of this package. *If you fail to take these steps, you will not be eligible to speak at the hearing.*

4.    **Can I send in written objections?**

In lieu of speaking at the hearing, you can file written objections with the Clerk of the Court. To do so, on or before **October 11, 2006,** you or your attorney must: (a) file with the Clerk of the Court a statement that indicates your basis for opposition to the settlement and provide any documentation in support of the objection, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak. The addresses of these attorneys are in the contact information at the end of this package.

## GETTING MORE INFORMATION

1.    **How can you get more information about the settlement or ask questions about this notice?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by visiting the Office of the Clerk during regular business hours at the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

If you have questions about this notice, the settlement, or submitting a claim, you may consult the web site www.overtimesuit.com. If, after consulting the web site, you still need assistance you may call 1(866) 345-0361. If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370.

**2.      Where can you inspect the Settlement Agreement and other documents related to this case?**

You can inspect the Settlement Agreement, pleadings, stipulations, Orders, and other papers filed in this action during regular business hours at the Office of the Clerk of the Court of the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

**3.      Where can you obtain information about the final approval of this settlement?**

No additional information will be mailed pertaining to the final approval of this settlement.  Please consult the litigation website (www.overtimesuit.com) to obtain such information.

**CONTACT INFORMATION**

**1.      Who are the Plaintiffs' attorneys and what is their address?**

The plaintiffs' counsel are Mark Hannabury, Esq. and Charles W. Rogers, Esq. of the Law Offices of Charles W. Rogers, 45 Exchange St., Suite 825, Rochester, NY 14614.

**2.      Who are Kodak's attorneys and what is their address?**

Kodak's attorneys are Todd R. Shinaman, Esq. and Jocelyn Torres, Esq. of Nixon Peabody LLP, 1100 Clinton Square, Rochester, NY 14603.

**3.      Who is the Claims Administrator and what is their address?**

The Claims Administrator is:  The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**4.      What is the Address for the Clerk of the Court?**

The Clerk of the Court's address is:  Clerk of the Court, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

**THIS PAGE INTENTIONALLY LEFT BLANK**

**THIS PAGE INTENTIONALLY LEFT BLANK**

**Must be Postmarked
No Later Than:
October 11, 2006**

In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6458
Merrick, NY 11566-9000
1(866) 345-0361
www.overtimesuit.com

KOD-A



## CLAIMANT IDENTIFICATION:

Claim Number                    Control Number:

> **WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:***
>
> Name:
>
> Address:
>
> City/State:
>
> Zip Code:

*IF THE ABOVE AREA IS <u>BLANK</u>, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE*  ➡

**Please fill in Social Security Number/
Taxpayer ID Number if box is blank:**

**Evening Telephone Number:** (     )     -

**Daytime Telephone Number:** (     )     -

**Email Address:**

### PROOF OF CLAIM SUBCLASS A Fund 1 Expedited Claims

DEADLINE FOR SUBMISSION: **OCTOBER 11, 2006**

IF YOU WORKED FOR EASTMAN KODAK COMPANY AND WERE DESIGNATED AS A NON-EXEMPT EMPLOYEE IN NEW YORK STATE AT ANY TIME DURING THE PERIOD APRIL 11, 1996 TO ENTRY OF JUDGMENT IN THIS CASE AND YOU WORKED OVERTIME BUT WERE NOT PROMPTLY PAID IN CASH OR CASH EQUIVALENT FOR OVERTIME WORKED YOU ARE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS FROM SETTLEMENT IN THIS LITIGATION (EXCLUDED FROM THE CLASS ARE ALL PERSONS WHO PREVIOUSLY FILED A REQUEST FOR EXCLUSION)

IN ORDER TO BE ELIGIBLE TO RECEIVE ANY SHARE OF THE NET SETTLEMENT FUNDS, YOU MUST BE A CLASS MEMBER AND YOU MUST COMPLETE, SIGN AND SUBMIT A PROOF OF CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN **OCTOBER 11, 2006** TO THE FOLLOWING ADDRESS:

In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc.
Claims Administrator
P.O. Box 9000 #6458
Merrick, NY 11566-9000

YOUR FAILURE TO SUBMIT YOUR CLAIM BY DATE **OCTOBER 11, 2006** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT IN THIS LITIGATION DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR

### INSTRUCTIONS

You must choose either Fund 1 or Fund 2 for all years for which you believe you have a claim You may not apply to some years to Fund 1 and to some years to Fund 2

For each year that you believe that you worked 5 or more Overtime Hours for which you were paid Comp Time Hours and/or that were Unpaid Overtime Hours, check the box that is most appropriate to you for each year **Check only one box per year** Check only those years that you believe that you were paid Comp Time Hours and/or that were Unpaid Overtime Hours.



The following definitions apply to the Fund 1 Form.

**Comp Time Hours** —(See Paragraph 3 of the Notice) Hours for which you received for Comp Time Hours instead of overtime pay. These are the hours where you actually took the Comp Time. Remember that Comp Time is not Flex Time. Comp Time Hours occur when you worked more than a total of 40 hours in a single week then took time off in a different week

**Number of Unpaid Overtime Hours** —(See paragraph 4 of the Notice) Number of hours you worked Overtime (hours in excess of 40 hours in a single Work Week for which you did not receive either (1) overtime pay or (2) Comp Time Hours (Remember, overtime is computed on a weekly basis, not on a daily basis)

## STATEMENT OF CLAIM

1.      I did work for the Eastman Kodak Company in New York State in one or more years since April 11, 1996

2      I worked as a non-exempt (hourly) Employee for five or more hours of overtime for Kodak in New York State for which I either (1) received Comp Time Hours or ( 2) were not compensated at all (Unpaid Overtime Hours) during any year from 1996 to the present

3      I have set forth where requested below the requested information with respect to each year I worked 5 or more overtime hours for which I was paid Comp Time Hours and/or that were Unpaid Overtime Hours.

4.      I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, such as verification with Kodak records as to years of employment

**Check only one box per year**

| | Only Comp Time Hours | Comp Time Hours and/or Unpaid Overtime Hours |
|---|---|---|
| | Check here if you worked for five or more hours of Unpaid Overtime Hours during this year and you received Comp Time Hours for all of it | Check here if you worked for five or more hours of Overtime Hours during this year and some or all of the time was completely uncompensated |
| 1996 | ❑ | ❑ |
| 1997 | ❑ | ❑ |
| 1998 | ❑ | ❑ |
| 1999 | ❑ | ❑ |
| 2000 | ❑ | ❑ |
| 2001 | ❑ | ❑ |
| 2002 | ❑ | ❑ |
| 2003 | ❑ | ❑ |
| 2004 | ❑ | ❑ |
| 2005 | ❑ | ❑ |
| 2006 | ❑ | ❑ |

I affirm that the information contained in this Proof of Claim is true and accurate to the best of my knowledge and recollection. I understand that it is permissible for me to estimate to the best of my recollection However, I also understand that any willful or purposeful misstatements may be punishable under state and federal law

_____

Signature

_____

Date

2



### PROOF OF CLAIM SUBCLASS A, Fund 2

DEADLINE FOR SUBMISSION: **OCTOBER 11, 2006**
IF YOU WORKED FOR EASTMAN KODAK COMPANY AND WERE DESIGNATED AS A NON-EXEMPT EMPLOYEE IN NEW YORK STATE AT ANY TIME DURING THE PERIOD APRIL 11, 1996 TO ENTRY OF JUDGMENT IN THIS CASE AND YOU WORKED OVERTIME BUT WERE NOT PROMPTLY PAID IN CASH OR CASH EQUIVALENT FOR OVERTIME WORKED YOU ARE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS FROM SETTLEMENT IN THIS LITIGATION (EXCLUDED FROM THE CLASS ARE ALL PERSONS WHO PREVIOUSLY FILED A REQUEST FOR EXCLUSION)

IN ORDER TO BE ELIGIBLE TO RECEIVE ANY SHARE OF THE NET SETTLEMENT FUNDS, YOU MUST BE A CLASS MEMBER AND YOU MUST COMPLETE, SIGN AND SUBMIT A PROOF OF CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN **OCTOBER 11, 2006** TO THE FOLLOWING ADDRESS:

In re Robinson v Eastman Kodak Settlement
c/o The Garden City Group, Inc
Claims Administrator
P O Box 9000 #6458
Merrick, NY 11566-9000

YOUR FAILURE TO SUBMIT YOUR CLAIM BY **OCTOBER 11, 2006** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT IN THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

### INSTRUCTIONS

You must choose either Fund 1 or Fund 2 for all years for which you believe you have a claim. You may not apply to some years to Fund 1 and to some years to Fund 2.

For each year that you believe that you worked 5 or more Overtime Hours for which you were paid Comp Time Hours and/or that were Unpaid Overtime Hours, provide the information requested. You may approximate to the best of your recollection if you do not have records of unpaid overtime

The following definitions apply to the Fund 2 Form:

**Number of Comp Time Hours—** (See Paragraph 3 of the Notice) Number of Overtime Hours for which you received for Comp Time Hours instead of overtime pay. These are the hours where you actually took the Comp Time. Remember that Comp Time is not Flex Time Comp Time Hours occur when you worked more than a total of 40 hours in a single week then took time off in a different week.

**Number of Unpaid Overtime Hours—**(See paragraph 4 of the Notice) Number of hours you worked Overtime (hours in excess of 40 hours in a single Work Week for which you did not receive either (1) overtime pay or (2) Comp Time Hours.(Remember, overtime is computed on a weekly basis, not on a daily basis)

**Name of Department—**Identify the department or departments you worked in each year in which you claim Comp Time Hours or Unpaid Overtime Hours

**Name of Supervisors—**Identify your supervisor or supervisors in the departments where you claim Comp Time Hours or Unpaid Overtime Hours

**Description of Underpayment—** Describe the circumstances resulting in Comp Time Hours or Unpaid Overtime Hours. For example, was it a matter of coming in early, staying late, working through lunch, working at home, traveling, or a combination of these? Were there unique circumstances, or special projects that required this overtime? Is there other information that you think may be useful in determining this claim in the event that it is contested?



## STATEMENT OF CLAIM

1       I did work for the Eastman Kodak Company in New York State in one or more years since April 11, 1996

2       I have set forth where requested below the information with respect to each year  I worked as a non-exempt (hourly) employee  for five (5) or more hours of  Overtime  for Kodak in New York State for  either (1) received Comp Time Hours  or ( 2 )  were not compensated at all (Unpaid Overtime Hours, see, during any year from 1996 to the present

3.       I have enclosed photocopies of time records or other records I have relating to Unpaid Overtime Hours and Comp Time Hours (You do not have to include pay stubs or other records generated by Kodak)

4       I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct. Moreover, I understand that Kodak may challenge any Fund 2 Claim  In the event of a challenge, Kodak may make a counter offer to me, or it may require me to submit a statement to the Special Master regarding my claim.  I agree that the decision of the Special Master shall be final.

| Year | No. of Comp Time Hours | No. of Unpaid Overtime Hours | Department | Name of Supervisors | Description of Underpayment[1] |
|------|------|------|------|------|------|
| 1996 |  |  |  |  |  |
| 1997 |  |  |  |  |  |
| 1998 |  |  |  |  |  |
| 1999 |  |  |  |  |  |
| 2000 |  |  |  |  |  |
| 2001 |  |  |  |  |  |

4

| | | | | |
|---|---|---|---|---|
| 2002 | | | | |
| 2003 | | | | |
| 2004 | | | | |
| 2005 | | | | |
| 2006 | | | | |

I affirm that the information contained in this Proof of Claim is true and accurate to the best of my knowledge and recollection I understand that it is permissible for me to estimate to the best of my recollection  However, I also understand that any willful or purposeful misstatements may be punishable under state and federal law

_____          _____
Signature                                                                    Date

[1] You may continue on the back of this page, or include additional pages, if necessary

**THIS PAGE INTENTIONALLY LEFT BLANK**

**SUMMARY OF THE KEY POINTS OF ATTACHED NOTICE FOR SUBCLASS B**

**THIS IS A SUMMARY OF THE KEY POINTS OF THE ENCLOSED NOTICE.  ULTIMATELY ALL TERMS AND CONDITIONS OF THE SETTLEMENT ARE GOVERNED BY THE ATTACHED NOTICE AND THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES.   YOU ARE ENCOURAGED TO READ THIS SUMMARY AND THE COMPLETE NOTICE TO ANSWER QUESTIONS YOU MAY HAVE ABOUT THE PROPOSED SETTLEMENT OF A CLASS ACTION PENDING IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK BEFORE THE HONORABLE MICHAEL A. TELESCA, UNITED STATES DISTRICT JUDGE, ENTITLED:**

**ROBINSON, ET AL v. EASTMAN KODAK COMPANY**
**02-CV-6204T**

**THIS IS A FEDERAL COURT AUTHORIZED NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.**

☐      A settlement has been proposed in a class action lawsuit filed against Eastman Kodak Company (referred to in this notice as "Kodak").  Part of this lawsuit claims that Kodak did not properly calculate overtime pay for hourly employees who received a performance bonus and worked overtime in the calendar year prior to receiving the bonus.  The other claims in this lawsuit concern "comp time" and "unpaid overtime hours." You will also receive a separate notice (entitled "Notice for Subclass A") concerning the settlement of these claims.

☐      Under the terms of this proposed settlement, Kodak will provide payments to qualified class members who worked for Kodak and were classified by Kodak as nonexempt (hourly) employees in New York State at any time since April 11, 1996.  You may be entitled to share in the proposed settlement if you qualify as a class member as explained in the attached notice.

☐      If you qualify as a class member, you must complete and send in a Claim Form in order to receive payment.  You may also elect to do nothing and receive no payment.  A Claim Form is attached to the end of the enclosed notice.  Even if you complete and send in a Claim Form, you may still object to the terms of this settlement if you wish.

☐      This proposed settlement resolves this lawsuit and will affect your legal rights.  It provides payments to those who are qualified under the terms of the settlement, and releases Kodak from further liability to all members of the class.

☐      If you are still a Kodak employee, submitting a Claim Form will not affect or jeopardize your job in any way whatsoever.

☐      The lawyers for the employees (and former employees) will ask the Court to approve the settlement, which includes payment of their fees and expenses for investigating the facts and the law, for litigating this case since 2002, and for negotiating this settlement.  They will have continuing responsibility to implement the settlement beyond Court approval.  Kodak has agreed to pay these attorneys' fees and expenses as part of the settlement.

☐      The Court has not resolved the merits of the claims or defenses in this lawsuit, and Kodak denies that it has committed any wrongdoing whatsoever.

☐      Both sides do agree that settling this case on the terms and conditions negotiated (which are subject to approval by the Court) is beneficial to all parties because continued litigation would be costly and time consuming and the outcome would be uncertain.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

☐      Your legal rights are affected whether or not you act.  Read the enclosed notice carefully.

- If you want to participate in receiving proceeds from this settlement, you must submit a completed Claim Form by no later than **October 11, 2006.**

Subclass B

If you do not submit a Claim Form (or if you miss the deadline) you will not be able to participate in receiving proceeds from this settlement.

- If you wish to object to the terms of the settlement, you must write to the Court and express your reasons why you do not agree with the settlement. If you submit a written objection, you may also ask to speak to the Court about the fairness of the settlement (either personally or through an attorney hired by you) at the Fairness Hearing to be held by the Court for purposes of determining whether or not this settlement is fair.

☐ Your rights and options and your deadlines for acting under the terms of the settlement are all explained in the attached notice.

☐ Payouts from the settlement funds will not be made or authorized unless and until the Court approves the settlement and any appeals are resolved.

☐ **What if you do nothing**? If you do nothing, you will not share in the proceeds of this settlement. Also, unless you have previously excluded yourself from the class by opting out, you won't be able to start a separate lawsuit against Kodak concerning the legal issues in this case.

**If you need help concerning this notice and placing a claim**

☐ If you need help or explanation concerning this notice on how to submit a claim, you may consult the web site www.overtimesuit.com. If, after consulting the web site, you still need assistance you may call 1(866) 345-0361. If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370. You may also e-mail us with questions at backpay@rochester.rr.com. **Do Not Call The Court**. All questions are to be directed to the web site or to the call center.

☐ **When and where the Court hearing will be held**: This Court will hold a Fairness Hearing to decide whether to approve this settlement. You need not attend the hearing in order to make a claim. If you choose to appear, you must submit a written objection on or before **October 11, 2006.** The hearing will he held at 10:00 a.m. on October 25, 2006 before the Honorable Michael A. Telesca in Courtroom 1, United States Courthouse, 100 State Street, Rochester, New York 14614.

ALL OF THE ABOVE IS SO ORDERED.

Michael A. Telesca_____
United States District Judge

DATED:    August 23, 2006
          Rochester, New York

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

William Robinson, Emmett Peters & Joy Josefovicz,
                                    Plaintiffs,

          v.                                              02-CV-6204(T)

Eastman Kodak Company,
                                    Defendant.

## NOTICE FOR SUBCLASS B

**BASIC INFORMATION**

**1.    Why did you get this notice package?**

You received this notice package because Kodak records indicate that you currently work for, or previously worked for, Kodak and were classified by Kodak as a nonexempt employee in New York State at some time since April 11, 1996. Also, in response to a previous notice sent out in this case, you did not indicate that you wanted to be excluded from this case (you did not "opt out").

You also received this package because you have a right to know about the proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, an administrator appointed by the Court will process Claims Forms from current or former employees like you so that, after any objections and appeals are resolved, you can receive proceeds from this settlement.

This package explains the lawsuit, the settlement, your legal rights, what settlement proceeds are potentially available to you, who is eligible for the payments, and how to get them.

The Court in charge of this case is the United States District Court for the Western District of New York, and this case is *Robinson et al. v. Kodak,* Civil Action No. 02-CV-6204. The people who sued are the Plaintiffs, and Kodak is called the Defendant.

**2.    What is this lawsuit about?**

There are two parts to this lawsuit. This notice only concerns the second part. The issue in the second part is whether Kodak properly calculated overtime payments for nonexempt employees who received performance bonuses and worked overtime in the preceding calendar year. The Plaintiffs claim that Kodak improperly failed to take these performance bonuses into account when calculating overtime. Kodak disagrees.

The issue in the first part is whether Kodak failed to properly pay overtime to nonexempt (hourly) employees who worked overtime in New York State since April 11, 1996. The first part of this lawsuit is addressed in a separate notice that you will receive. For more information about the procedural background to the lawsuit please consult the litigation web site www.overtimesuit.com.

**3.    Why is this a class action, and what are Subclass A and Subclass B?**

In a class action, one or more people called the Class Representatives (in this case, William Robinson, Emmett Peters and Joy Josefovicz) sue for all the people who have similar claims. All of these people are a Class or called Class Members. The Class or Class Members in this lawsuit are divided into two parts: Subclass A and Subclass B.

This notice only concerns members of Subclass B, who are people that worked for Kodak and were classified by Kodak as nonexempt employees in New York State at any time since April 11, 1996, and who received performance bonuses and worked overtime in the preceding calendar year.

Members of Subclass A are people who worked for Kodak and were classified by Kodak as nonexempt employees in New York State since April 11, 1996, and who received "comp time" or no compensation for working overtime. You will receive a separate notice regarding Subclass A.

One court (in this case, the United States District Court for the Western District of New York) decides the issues for all Class Members, except for those who previously excluded themselves from the Class.

### 4.    Why is there a settlement?

The Court did not decide which side – the Plaintiffs or Kodak – was right. There was no trial. Instead, both sides agreed to this settlement. That way, they avoid the costs and risks of a trial, and many of the people affected will get payments for the alleged overtime. If there had been a trial, the Plaintiffs believe that the current and former employees may have gotten more if they won, but they also would have gotten nothing if they lost. Kodak has denied that it has committed any wrongdoing whatsoever. Accordingly, the Class Representatives and attorneys think the settlement is best for all Class Members. For more information concerning the factual and legal issues that were taken into consideration in reaching this settlement please consult the litigation web site www.overtimesuit.com.

### WHO IS IN THE SETTLEMENT?

### 1.    How do I know if I am part of this settlement?

The Court has decided that the following people are Members of Subclass B: *All persons who have worked for Eastman Kodak Company and were classified by Kodak as non-exempt employees in New York State since April 11, 1996 who received a lump sum performance bonus and who had worked overtime during the preceding year.* Unless you previously excluded yourself from this Subclass, current and former Kodak employees who fall into this Subclass are part of this settlement.

This notice only concerns Members of Subclass B. Members of Subclass A will receive a separate notice.

### THE TERMS OF THE PROPOSED SETTLEMENT AND WHAT YOU MAY BE ENTITLED TO

### 1.    What are the terms of the proposed settlement?

To settle this case, the parties propose that Kodak pay $13,925,000.00 in cash into a Total Settlement Fund, and to distribute the money from this fund as follows:

  a. $9,500,000.00 will be used to satisfy Subclass A claims (which are the subject of a separate notice) and associated administration expenses;
  b. $425,000.00 will be used to satisfy Subclass B claims (which are the subject of this notice) and associated administration expenses;
  c. $4,000,000.00 will be used to pay plaintiff's attorneys fees and disbursements;
  d. The named representatives Peters and Josefovicz will receive $6,000 each and named representative Robinson will receive $12,000 from the appropriate subclass amounts described in paragraphs a. and b. for their efforts and assumptions of risk associated with bringing these actions on behalf of the class.

In addition to the money, Kodak has also agreed to discontinue using "Comp Time" as of 2002, unless the law changes to permit private employers to use it. Kodak further agrees to maintain a process by which employees may check time records reflecting the number of hours in each workweek that will be used to calculate their pay.

The settlement will result in the dismissal of this action and the release of the claims as set forth in the Settlement Agreement for all class members (except for certain technologists). In short, if the Court approves this settlement, all Class Members will release the claims that are the subject of this lawsuit.

**2.     How will the $425,000.00 earmarked for Subclass B claims be distributed?**

This notice primarily concerns the $425,000.00 earmarked for Subclass B claims (plus any interest that accrues on this amount). This will be distributed to members of Subclass B who submit an acceptable Proof of Claim.

**3.     How do you make a claim for proceeds from the $425,000.00 fund earmarked for Subclass B?**

To make a claim for proceeds from the $425,000.00 fund earmarked for Subclass B, you must complete and submit a Proof of Claim Form for Subclass B to the Claims Administrator on or before **October 11, 2006**. The Form is attached to the end of this package.

It is understood that you may not have a precise recollection of exactly how many overtime hours you worked, or when you worked them. With this in mind, you are asked to make a good-faith attempt to estimate whether you worked the required number of overtime hours in the identified years as accurately as possible.

To assist you in completing the forms, the Claim Administrator will provide information pertaining to the years of your employment (and other information) on the following web site: www.overtimesuit.com. For further information on how to complete the form, you can contact the Claims Administrator at the following telephone number: 1(866) 345-0361.

**4.     Can I submit a claim form on behalf of a deceased person or in another representative capacity?**

Unfortunately, due to the nature of this settlement, a claim form may be submitted only by a qualified claimant. People cannot submit claim forms on behalf of others.

**5.     Who is the Claims Administrator?**

A "Claims Administrator" in a class action lawsuit is a company hired to attend to the administrative details of the settlement, including sending and collecting claims forms, and distributing settlement payments. In this case, the Claims Administrator is: The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**6.     What happens if you make a claim?**

Under the terms of the Settlement Agreement, you can apply for a payment of either $20.00 or $30.00 for each year you received a performance bonus and also worked five or more hours of overtime during the preceding year. For example, if you worked five or more hours of overtime in 1998 and received a performance bonus for that year (during rate review in early 1999), you would be eligible to make a claim for 1998. (The reason for this requirement is that minimal amounts of overtime can be considered too small to require compensation, and so that people who have only minimal amounts of Unpaid Overtime do not exhaust the settlement fund.)

Whether the amount of the claim per year is either $20.00 or $30.00 for certain years depends upon whether you previously opted into this lawsuit. The Fair Labor Standards Act provides for additional damages under certain circumstances. Only those who opted in to the case are entitled to these higher amounts. You will not have to make this determination; the Claims Administrator will determine whether you opted-in.

*To obtain a settlement payment, you must complete a Proof of Claim for Subclass B. This form is attached to the end of the package.*

**7.    What happens if the total amount of claims exceeds $425,000.00?**

If the total amount of claims exceeds $425,000.00 (plus accrued interest), all amounts will be reduced pro rata

**8.    What happens if money remains after all settlement payments are made?**

Any portion of the settlement payments either not claimed by the Class Members or not paid by the Settlement Administrator remain the property of Kodak and will revert to Kodak.

**9.    What is the deadline for filing a Proof of Claim?**

***All Proofs of Claim must be submitted by October 11, 2006, unless this date is extended by the Court. If you do not submit your Proof of Claim by this date, you will not be eligible to share in the proceeds of this settlement.***

**10.    Will taxes be withheld from your settlement payment?**

The Claims Administrator will make normal tax deductions and withholdings (including the employer's share of any taxes) from those portions of the settlement payments that are paid to you. Fifty percent of any payment to you will be deemed to be payments to compromise damages attributable to liquidated damages and interest and will not be deemed as wages for the purposes of taxes or withholding. The remainder of the payment will be treated as wages for the purposes of taxes and withholding. Kodak will not be responsible for the payment or the satisfaction of any tax liabilities or liens associated with such payments. If you have any questions about the tax implications of a payment, you may want to consult a tax professional.

**11.    What if you signed a Termination Allowance Plan ("TAP") Agreement?**

This will not affect your ability to submit a claim or share in the proceeds of this settlement. The Court has ruled that nonexempt employees who signed Termination Allowance Plan ("TAP") Agreements may join this lawsuit and that Kodak may not seek the return of, nor discontinue, benefits payable to them under TAP agreements.

**12.    What if you are still employed by Kodak?**

The Fair Labor Standards Act prohibits an employer from discriminating against or retaliating against you if you choose to take part in this case.

**13.    What should I know about the attorneys' fees and costs in this case?**

Plaintiffs' counsel intends to apply for a total of $4,000,000.00 in attorneys' fees, as well as to cover disbursements incurred in connection with the prosecution of this action. This amount covers claims for Subclasses A and B. Of this amount, $300,000.00 is allocated to counsels' obtaining the prospective relief described in paragraph 1 of this section. The remaining $3,700,000.00 in fees and costs amount to approximately 26.5 percent of the total settlement fund.

Plaintiffs' counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of this litigation in the expectation that if they were successful in obtaining a recovery for the class, they would be paid from it. In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

**14.    What if you do nothing?**

If you do nothing, you will not share in the proceeds in this settlement. But, unless you have excluded yourself from the Class, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Kodak concerning the legal issues in this case.

**THE COURT'S HEARING TO APPROVE THE SETTLEMENT**

**1.    When and where will the Court hearing be?**

The Court will hold a hearing to decide whether to approve this settlement. This is called the Fairness Hearing. You may attend and you may ask to speak at the hearing, but you don't have to. The Court will hold the Fairness Hearing at 10:00 a.m., on October 25, 2006. It will be before Hon. Michael J. Telesca in Courtroom 1 of the United States Courthouse, 100 State St., Rochester, New York 14614.

At the hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. It will also consider whether the plan of allocation for the proceeds is fair and reasonable, and whether the Plaintiffs' attorneys' fees and reimbursement of expenses is fair and reasonable. This hearing may be adjourned from time to time without further written notice to you. If you plan to attend the hearing, you should confirm the date and time with the litigation website – www.overtimesuit.com.

**2.    Do you have to come to the hearing?**

You do not have to attend the hearing or take any other action to indicate your approval of the settlement. The attorneys will answer any questions the Court may have. But you can attend at you own expense if you want to. You may also pay your own lawyer to attend or talk about your objections, but that is not necessary either.

**3.    Can you or your attorney speak at the hearing?**

You or your attorney may ask for permission to speak at the hearing. To do so, on or before **October 11, 2006**, you or your attorney must: (a) file with the Clerk of the Court notice of your intent to appear, provide a statement that indicates your basis for opposition to the settlement, provide any documentation in support of the objection, provide the identity of any witnesses you may call to testify along with any exhibits you intend to introduce, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak. The addresses of these attorneys are in the contact information at the end of this package.

**4.    Can I send in written objections?**

In lieu of speaking at the hearing, you can file written objections with the Clerk of the Court. To do so, on or before **October 11, 2006**, you or your attorney must: (a) file with the Clerk of the Court a statement that indicates your basis for opposition to the settlement and provide any documentation in support of the objection, and (b) simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs you file with the Court, in person or by mail upon Plaintiffs' Counsel and Counsel for Kodak. The addresses of these attorneys are in the contact information at the end of this package.

**GETTING MORE INFORMATION**

**1.    How can you get more information about the settlement or ask questions about this notice?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can review the Settlement Agreement by visiting the Office of the Clerk during regular business hours at the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

If you have questions about this notice, the settlement, or submitting a claim, you may consult the web site www.overtimesuit.com. If, after consulting the web site, you still need assistance you may call 1(866) 345-0361. If you need additional information you may call Plaintiffs' attorneys' office at (585) 232-6370.

**2.      Where can you inspect the Settlement Agreement and other documents related to this case?**

You can inspect the Settlement Agreement, pleadings, stipulations, Orders, and other papers filed in this action during regular business hours at the Office of the Clerk of the Court of the United States Courthouse for the Western District of New York, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

**3.      Where can you obtain information about the final approval of this settlement?**

No additional information will be mailed pertaining to the final approval of this settlement.  Please consult the litigation web site (www.overtimesuit.com) to obtain such information.

**CONTACT INFORMATION**

**1.      Who are the Plaintiffs' attorneys and what is their address?**

The plaintiffs' counsel are Mark Hannabury, Esq. and Charles W. Rogers, Esq. of the Law Offices of Charles W. Rogers, 45 Exchange St., Suite 825, Rochester, NY 14614.

**2.      Who are Kodak's attorneys and what is their address?**

Kodak's attorneys are Todd R. Shinaman, Esq. and Jocelyn Torres, Esq. of Nixon Peabody LLP, 1100 Clinton Square, Rochester, NY 14603.

**3.      Who is the Claims Administrator and what is their address?**

The Claims Administrator is:  The Garden City Group, Inc., Claims Administrator, P.O. Box 9000 #6458, Merrick, NY 11566-9000.

**4.      What is the Address for the Clerk of the Court?**

The Clerk of the Court's address is:  Clerk of the Court, 2120 United States Courthouse, 100 State St., Rochester, New York 14614.

<table>
<tr><td>

**Must be Postmarked<br>No Later Than:<br>October 11, 2006**

</td><td>

**In re Robinson v Eastman Kodak Settlement<br>c/o The Garden City Group, Inc.<br>Claims Administrator<br>P.O. Box 9000 #6458<br>Merrick, NY 11566-9000<br>1(866) 345-0361<br>www.overtimesuit.com**

</td><td>

 KOD-B

</td></tr>
</table>

## CLAIMANT IDENTIFICATION:

Claim Number                     Control Number.

| WRITE ANY NAME AND ADDRESS CORRECTIONS BELOW *OR IF THERE IS NO PREPRINTED DATA TO THE LEFT, YOU MUST PROVIDE YOUR FULL NAME AND ADDRESS HERE:* |
|---|
| Name: |
| Address: |
| City/State: |
| Zip Code: |

*IF THE ABOVE AREA IS <u>BLANK</u>, YOU MUST ENTER YOUR FULL NAME AND ADDRESS HERE* ➤

Please fill in Social Security Number/<br>Taxpayer ID Number if box is blank:

**Evening Telephone Number:** (     )     -

**Daytime Telephone Number:** (     )     -

**Email Address:**

## PROOF OF CLAIM SUBCLASS B

DEADLINE FOR SUBMISSION: **OCTOBER 11, 2006**

IF YOU WORKED FOR KODAK IN NEW YORK STATE AT ANY TIME SINCE APRIL 11, 1996, AND YOU RECEIVED A PERFORMANCE BONUS AND WORKED OVERTIME IN THE CALENDAR YEAR PRIOR TO RECEIPT OF THE BONUS, YOU ARE A CLASS MEMBER AND YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS FROM SETTLEMENT IN THIS LITIGATION. (EXCLUDED FROM THE CLASS ARE ALL PERSONS WHO PREVIOUSLY FILED A REQUEST FOR EXCLUSION)

IN ORDER TO BE ELIGIBLE TO RECEIVE ANY SHARE OF THE NET SETTLEMENT FUNDS, YOU MUST BE A CLASS MEMBER AND YOU MUST COMPLETE, SIGN AND SUBMIT A PROOF OF CLAIM FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN **OCTOBER 11, 2006** TO THE FOLLOWING ADDRESS.

In re Robinson v Eastman Kodak Settlement<br>c/o The Garden City Group, Inc<br>Claims Administrator<br>P O Box 9000 #6458<br>Merrick, NY 11566-9000

YOUR FAILURE TO SUBMIT YOUR CLAIM BY **OCTOBER 11, 2006** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT IN THIS LITIGATION  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR



### INSTRUCTIONS

For each year that you believe that you received a performance bonus and worked five or more hours of overtime in the previous calendar year, check the appropriate box

If a review of records determines that you were not a non-exempt employee working in New York State for Eastman Kodak Company or did not receive a lump sum performance bonus for the years identified, you will not receive a payment for such years

### STATEMENT OF CLAIM

1.      I did work for the Eastman Kodak Company in New York State in one or more years since April 11, 1996 and was classified as a non-exempt employee

2.      I have set forth where requested below the information with respect to each year when I received a performance bonus and I worked five or more hours of overtime during the previous calendar year

3.      I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct and I agree to cooperate in any such verification

**Check only one box per year**

| | I received a performance Bonus during this year and worked five or more hours of overtime in the previous calendar year |
|---|---|
| 1996 | ❑ |
| 1997 | ❑ |
| 1998 | ❑ |
| 1999 | ❑ |
| 2000 | ❑ |
| 2001 | ❑ |
| 2002 | ❑ |
| 2003 | ❑ |
| 2004 | ❑ |
| 2005 | ❑ |
| 2006 | ❑ |

I affirm that the information contained in this Proof of Claim is true and accurate to the best of my knowledge and recollection I understand that it is permissible for me to estimate to the best of my recollection  However, I also understand that any willful or purposeful misstatements may be punishable under state and federal law.

_____          _____
Signature                                                             Date

2