UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ROBINSON, et al., <br> *On behalf of himself and all other employees similarly situated* <br>                   Plaintiffs, <br> v. <br><br> THE EASTMAN KODAK COMPANY, <br><br>                   Defendant. | **FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** <br><br> 02-CV-6204T(F) <br><br> Hon. Michael A. Telesca |

**WHEREAS,** on July 26, 2006, the Court entered an Order Preliminarily Approving Settlement and Appointing a Special Master (Preliminary Approval Order); and

**WHEREAS,** on October 25, 2006, pursuant to the Preliminary Approval Order, the Court conducted a Fairness Hearing at which argument as to the fairness, reasonableness and adequacy of the class settlement was held, with all parties of record given an opportunity to be heard; and

**WHEREAS,** the Court has reviewed the record and submissions and has heard oral argument; and

**WHEREAS,** the Court has found good cause for entering the following Final Order and Judgment in the matter of William Robinson v. Eastman Kodak Co., case No. 02-CV-6204T(F)("the Action").

**NOW THEREFORE,** this 17 day of November, 2006, **IT IS HEREBY ORDERED AND DECREED** as follows:

## FINDINGS OF THE COURT

1. The Court finds that the Class Action Settlement ("Settlement") as set forth in the parties' Settlement Agreement is fair, reasonable, and adequate as to the Class Members and approves such Settlement;

2. The class action that was certified by this Court on January 31, 2004 remains certified for the purposes of this class action settlement. The original class certification will be amended as follows: (1) Subclass A(1) shall include all persons who worked for Eastman Kodak Company in New York State and were classified by Kodak as nonexempt employees during the period April 11, 1996 through the Effective Date of the settlement, who worked overtime but were not promptly paid in cash or cash equivalent for overtime worked; (2) Putative Subclass A(2) shall be a putative class of all technologists who were employed by Eastman Kodak Company and were classified by Kodak as exempt employees in New York State after April 11, 1996; (3) Subclass B shall include all persons who worked for Eastman Kodak Company in New York State and were classified by Kodak as non-exempt employees during the period April 11, 1996 through the Effective Date of the settlement who received a lump sum performance bonus and who worked overtime in the preceding year. Eastman Kodak Co, ("Kodak") Kodak continues to dispute that technologists are an appropriate class, and to assert that the claims of technologists are not properly included in the Action. The parties retain any and all rights with respect to the putative class of technologists including, but not limited to, the right to assert any and all arguments related to the certification of a technologist class, the definition of such class, the appropriateness of such claims being brought within the Action, and whether such claims relate back to the

filing of the Action. As part of this Settlement, the Action will be dismissed with prejudice, except as to putative Subclass A(2). The claims of putative Subclass A(2), if any, survive this Settlement and, upon motion by one of the parties, the Court may later determine whether technologists are an appropriate class; whether technologists' claims are properly included within this Action; whether such claims relate back to the filing of the Complaint in this Action; and whether the provisional class representative designated by the Court's Order dated October 11, 2006, Bruno Dambrauskas, is appropriate to serve as a class representative.

3. That for the reasons set forth in this Court's Order dated January 31, 2004, both Subclass A(1) and Subclass B satisfy the requirements of Rule 23(b)(3) and 29 U.S.C. § 216(b).

4. That William Robinson, Emmett Peters, and Mary Joy Josefovicz, as class representatives, have fairly and adequately protected the interests of the class members as evidenced by the parties' Settlement Agreement.

5. That on September 1, 2006, pursuant to the Preliminary Approval Order, Notice of Settlement was sent by the Settlement Administrator to all class members using the last known mailing addresses for class members.

6. That the Notice of Settlement constituted the best notice practicable under the circumstances, and such Notice constituted valid, due and sufficient notice to the class members, complying fully with the requirements of due process and applicable law, including Fed. R. Civ. Pro. Rule 23, and the United States Constitution.

7. The Court finds and recognizes that there have been no objections filed to this settlement.

8. The Court finds that the amount of the settlement, including the monetary benefit and the value of the declaratory relief, weighs in favor of the Settlement; the extent of discovery completed and the stage of the proceedings weigh in favor of the Settlement; the experience and views of counsel weigh in favor of the Settlement; the risks of establishing liability and damages in this case weigh in favor of approving the Settlement; the amount of damages that could reasonably be recovered were this case to proceed through trial rather than be resolved by a settlement weighs in favor of the approval of the Settlement; and the reaction of the class members to the proposed settlement weighs in favor of the Settlement.

9. The Court finds that the Settlement Agreement was the result of extensive arm's-length negotiations between the parties.

10. The Court finds and concludes that the Settlement is fair, reasonable and adequate and in the best interests of the Class, and approves the Settlement and directs consummation of the Settlement pursuant to its terms.

11. The Court also finds that an award of $4 million to Plaintiffs' counsel as both attorneys fees and as reasonable and necessary expenses is fair and reasonable in light of the magnitude and complexities of the litigation; the risk of litigation; the quality of representation; the requested fee in relation to the settlement; and relevant public policy considerations.

12. The Court also finds that the Action shall be dismissed with prejudice in its entirety as to the Subclasses A(1) and B and that all the claims of class members in Subclasses A(1) and (B) shall be released pursuant to paragraph 7 of the Class Action Settlement Agreement and Release. The Court will have continuing jurisdiction to

enforce the terms of this Settlement, except as provided for in the Settlement Agreement and this Final Order and Judgment.

## SPECIAL MASTER

13. Without deferring or delaying the finality of this Order and Judgment, this Court retains exclusive, general and continuing jurisdiction as needed or appropriate in order to administer, supervise, implement, interpret, enforce or effectuate the terms of this Settlement Agreement.

14. That pursuant to Rule 53, the Court appointed Scott Piper, Esq. to preside over certain settlement proceedings in the Action to the maximum extent permitted, and with the maximum discretion allowed by, the relevant statutes, rules, and order in this action, including, but not limited to:

- A. Supervising settlement administration, including, but not limited to, reviewing Claim Forms, as necessary, and resolving any disputes that arise between the parties during the administration process, as necessary;
- B. Hearing and deciding any disputed claims against the Settlement Fund Amounts, and determining the amount of uncompensated hours for each year of service covered by the Settlement Agreement;
- C. Hearing and deciding Defendant's application for partial reversion of settlement funds prior to a final accounting, provided all appropriate settlement payments are adequately funded; and

D. Such other matters as may be referred to him by the Court.

15. When hearing and deciding disputed claims made against Settlement Fund A.2, the Special Master shall make the most accurate determination of the number of uncompensated hours the class member worked based on the information available. In such cases, the burden of persuasion shall be on the class member to prove his or her average number of uncompensated hours to the Special Master; however, there shall be no requirement that the Class Member produce records or documents to satisfy this burden.

16. When making determinations concerning disputed claims made against Settlement Fund A.2, the Special Master shall use whatever procedures he deems appropriate, taking into consideration the amount of money in controversy and the relative costs for the parties and the Special Master fees. The Special Master may communicate with a non-lawyer representative of Kodak to receive such information as Kodak wishes to present on the disputed claim. The Special Master is also permitted to review documents relating to claims and to interview individuals with knowledge about the claims, and may or may not require such information be taken under oath. Both Kodak and the class member are entitled to review documents provided to the Special Master and either listen to the testimony provided, or obtain summaries of such testimony to the degree the Special Master intends to rely on such information in his determination.

17. Upon hearing the evidence in disputed claims filed against Settlement Fund A.2, the Special Master may award the amount of uncompensated time claimed by the class member, a lesser amount, or none at all, in accordance with his determination. The

Special Master shall hold any hearings on disputed claims no later than 210 days after the Final Approval Date (as defined in the Class Action Settlement Agreement), and he shall issue his decision on such disputed claims no later than 240 days after the Final Approval Date. Such decision shall be final.

18. In carrying out his duties, the Special Master is to consider the pleadings in this matter, the final Settlement Agreement, and any other submissions, whether in writing or verbally, that are provided to him by the parties' counsel. The Special Master has authority to regulate all proceedings and take all appropriate measures to perform fairly and efficiently the assigned duties pursuant to Rule 53(c). Attorneys for the parties will not communicate ex parte with the Special Master unless approved by opposing counsel. The Special Master may communicate ex parte with Class Members and non-attorney representatives designated by Kodak, and with this Court.

19. The Special Master shall make findings of fact and conclusions of law with respect to the matters presented by the parties and the class members, and shall report expeditiously to the Court pursuant to Rule 53(f). Unless directed by the Court or believed advisable by the Special Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits. The Special Master need not retain any other documents once his findings are filed with the Court. Pursuant to Rules 53(a)(1)(A) and 53(g)(3)(B), and upon the consent of the Parties, the findings of fact of the Special Master are final and are not subject to review. Pursuant to Rule 53(g)(5), the Court may set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

20. The Special Master shall submit a bill on a monthly basis to the parties, the Settlement Administrator, and the Court. This bill shall specify the fees and expenses incurred, which will be paid within 30 days. The Special Master shall be compensated based on a fixed hourly rate of $250 plus payment of disbursements.

**IT IS SO ORDERED.**

Dated: NOV 17, 2006

*/s/ Michael A. Telesca*

Honorable Michael A. Telesca
United States District Judge